## HURBER v. BAUGH.

1. **License**: REVOCATION OF: MUNICIPAL CORPORATION. The revocation by a municipal corporation of a license to sell intoxicating liquors upon certain specified conditions, a violation of which, according to the express terms of the license, should have the effect to revoke it, is not a forfeiture beyond the powers of the corporation.

*Appeal from Mahaska District Court.*

WEDNESDAY, JUNE 14.

IN 1871, the city council of Oskaloosa passed an ordinance providing that any one desiring to sell wine or beer within the city limits should first procure a license from the mayor; and further providing that if any person procuring such license "shall sell or give   *   *   *   any wine or beer to any person on the Sabbath day, or to any minor, or to any intoxicated person at any time,   *   *   *   such acts shall operate as a forfeiture of the license of the person so violating the ordinance." Said ordinance further provided that "when the mayor has reason to believe, or whenever information has been filed, that any of the provisions of the ordinance have been violated, the mayor shall cite said person to appear before him and hear evidence, and if he shall find

said ordinance has been violated, it shall be the duty of the mayor to notify such person that his license is null and void, and such license shall then be null and void."

Any person obtaining a license under the ordinance for the period of one year was required to pay $100. The plaintiff herein, on the 20th day of December, 1873, applied for and received license for one year. Said license contained this stipulation: "A violation of any of the ordinances of the city of Oskaloosa by the party holding this license, shall work a forfeiture of the same."

On the 23d day of February, 1874, the mayor notified plaintiff that his license had been revoked and declared null and void.

On the 6th day of April, 1874, plaintiff presented his petition to the court below, and a writ of *certiorari* issued.

On the trial in the Circuit Court no evidence was introduced, excepting the return to the writ of *certiorari;* and the plaintiff admitted that the case was fairly tried before the mayor, and waived all claims set forth in the petition, excepting the claim that the ordinance under which the mayor revoked the license of plaintiff was invalid, having, as plaintiff claimed, been repealed by the provisions of the Code.

The court found in favor of plaintiff and rendered judgment annulling the proceedings against the plaintiff in the mayor's court and for costs, and defendant appeals.

*L·fferty & Johnson* and *Seevers & Cutts*, for appellant.

*John F. Lacey* and *Crookham & Gleason*, for appellee.

ROTHROCK, J.—It is proper to observe here that the proceeding in question before the mayor, and on which plaintiff's license was revoked, was a charge for selling beer to a person while in a state of intoxication. The violation of the ordinance, with which defendant was charged, had direct reference to the business in which he was authorized to engage by virtue of his license. The Revision of 1860, Sec. 1072, which was in force at the time of the passage of the ordinance, provided that "by-laws and ordinances of municipal corporations

may be enforced by the imposition of fines, penalties and *forfeitures.*"

This section was repealed by section 482 of the Code, which provides that obedience to ordinances shall be enforced " by fine not exceeding one hundred dollars, or by imprisonment not exceeding thirty days."

Counsel for appellee insists that as no forfeiture is provided by the Code, there is no power in the city to enfore the ordinance in question. In other words, it is claimed that the license in question is property, and that a municipal corporation under the Code has no power to forfeit it.

It may be conceded that the omission of the word forfeiture from Sec. 482 of the Code operates as a repeal of all ordinances providing for forfeitures in cities incorporated under the general law. But the question arises, is the revoking of this license a forfeiture? Is the license *property*, in such sense that a revocation of it may be said to be a forfeiture? We are are of opinion that it is not. If the city council should, by license or permit, allow a person to keep a billiard hall, and provide that for keeping the same open at an unreasonable hour, the billiard tables should be forfeited to the city and sold, we have no doubt this would be beyond the power of the city. Or, if the city should provide that for immoderate driving in the streets, the horse so driven should be forfeited, this would be in excess of municipal power. But, in the case first supposed, would any one claim that for violation of the license or permit, the same could not lawfully be revoked?

1. LICENSE: revocation of: municipal corporation.

In this case the plaintiff took his license from the city with the distinct provision written upon it, that "a violation of any of the ordinances of the city by the party holding this license, shall work a forfeiture of the same." It was somewhat in the nature of a reservation, evidently intended as a safeguard against allowing improper persons to hold license, and the plaintiff took it with a full understanding of the consequences attendant upon a violation of the ordinances of the city. Having entered into the stipulation, so to speak, with the city, he cannot be heard to complain that while engaged

in prosecuting the very business permitted by the license, he violated an ordinance of the city, and the very terms of the license itself, and that, therefore, his license was revoked.

Counsel for appellee cite among other cases that of *Heise v. Town Council, etc.*, 6 Rich (S. C.), 404. This case holds that license which was granted and was paid for, was essentially *property*, and as the council could only impose *fines*, that it had no power to ordain a forfeiture of the license. We have been unable to find any other authority holding the same doctrine, and we believe it to be the better rule to hold that where, as in this case, the license itself provides for its own revocation, that it may be declared void in a proper case made.

SEEVERS, CH. J., having been of counsel in this case, took no part in its determination.