[No. 7,280.—Department Two.]

## J. W. PURDY v. R. H. SINTON.

MANDAMUS—CONSTITUTIONAL LAW.—The plaintiff applied to the defendant, the collector of licenses of San Francisco, for a license to retail liquors, and was refused, on the ground that the defendant was not authorized to issue such a license without the written consent of a majority of the board of police commissioners. *Held*, that such are the requirements of the act from which the defendant derives his sole power to issue licenses; and that, if the act is constitutional, the plaintiff must comply with it before he can demand a license; and if unconstitutional, the defendant has no power to issue licenses at all.

MANDAMUS to R. H. Sinton, collector of licenses for the City and County of San Francisco.

*Robert Ash*, for the Plaintiff.

The Acts of March 23rd, 1878, and March 30th, 1878, are unconstitutional.

*Alfred Clark*, and *Hammond & Wright*, for the Defendant.

If the act is constitutional, the applicant cannot procure a license thereunder without complying with its provisions; if unconstitutional, the license collector derives no authority to issue a license under it.

The COURT:

The plaintiff, upon his verified petiton, obtained an alternative writ of mandamus returnable before this Court. The defendant demurred to the petition, on the ground that it does not

state facts sufficient to constitute a cause of action. It is alleged
in the petition that the defendant is the collector of licenses in
the City and County of San Francisco, and as such is author-
ized to issue all State and county licenses required by law in
said city and county. That the plaintiff, being desirous of en-
tering into the business of retailing liquors, etc., applied to the
defendant for a license, and was refused, on the ground that the
defendant was not authorized to issue such a license without the
written consent of a majority of the board of police commission-
ers of said city and county. That such is the requirement of
the act of the legislature from which the defendant derives his
sole power to grant licenses is not controverted. But the
contention on the part of the plaintiff is, that the act is uncon-
stitutional. If this be so, the demurrer must be sustained, on
the ground that the defendant had no authority to issue the
license demanded by the plaintiff. We cannot separate that
part of the act which confers upon the defendant the
power to grant licenses from that part which prescribes upon
what condition alone a license may be issued by him. The
mode and manner in this case very clearly constitute the meas-
ure of power; and if the defendant cannot issue a license in the
manner prescribed, he cannot issue it at all. On the other hand,
if the act be constitutional, the plaintiff must comply with it
before he can rightfully demand a license. It follows, that the
demurrer must be sustained.

Demurrer sustained, with leave to the plaintiff to amend his
petition within ten days, if he should be so advised.

The COURT:

The defendant has filed a demurrer to the plaintiff's amended
petition. The original petition was demurred to, and the de-
murrer sustained. We think that the amended petition is
obnoxious to the same objections as the original, to which we
sustained a demurrer on the ground that it did not state facts
sufficient to entitle the plaintiff to the writ prayed. The
demurrer to the amended petition is, therefore, sustained, and
it is ordered that the proceeding be and the same is hereby
dismissed.