TIMOTHY J. SULLIVAN *vs.* THOMAS J. BORDEN & others.

Bristol.     October 23, 1894. — May 23, 1895.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Revocation of Liquor Licenses by Board of Police — Statute — Certiorari.*

The board of police of Fall River have the power, under St. 1894, c. 351, § 2, to order licenses of the first and fourth classes for the sale of intoxicating liquors to be forfeited and revoked for a breach of the conditions thereof.

Whether certiorari will lie in case it appears that a board of police exceeded their jurisdiction under a statute in forfeiting and revoking a license for the sale of intoxicating liquors, *quære.*

PETITION, by Timothy J. Sullivan, for a writ of certiorari to quash the proceedings of the board of police for the city of Fall River in forfeiting and revoking his licenses of the first and fourth classes for the sale of intoxicating liquors.

Hearing before *Holmes,* J., upon the petition, answer, and the agreement of the parties that the respondents did not adjudge the petitioner's licenses forfeited because of any unsatisfied judgment recovered under Pub. Sts. c. 100, § 21, and that the petitioner did not admit that he had violated any of the conditions of his licenses. The judge ordered the petition to be dismissed, and, at the petitioner's request, reserved the case for the consideration of the full court. The material facts appear in the opinion.

*J. W. Cummings,* (*C. R. Cummings* with him,) for the petitioner.
*A. J. Jennings,* for the respondents.

MORTON, J.   The petitioner does not contend that, if the board had power to revoke his license, there was any irregularity in their proceedings.   He insists that, under the statute creating it, the board had not the power of revocation, but that that remains with the mayor and aldermen.   So much of the statute establishing the board as is now material is as follows :  " Said board shall also act as license commissioners for said city, and shall have and exercise all the powers and perform all the duties conferred and imposed by the statutes of the Commonwealth upon the mayor and aldermen and city clerk of said city relative to the granting and signing of licenses for the sale of intoxicating liquors, and relative to the granting and signing of licenses to persons to be innholders or common victuallers, in said city." St. 1894, c. 351, § 2.   It is apparent that the board is to act upon liquor licenses, and licenses to innholders and common victuallers, and not in regard to licenses generally; and the powers that are conferred upon it, whatever they may be, are those of the mayor, and of the aldermen, and of the city clerk, and not those of the mayor and aldermen as one body, and of the city clerk.   We think that this is the more natural construction, and that if the Legislature had meant the joint body of the mayor and aldermen, it would have used, as it easily could have done, language more clearly expressing its purpose.   It may be observed that the punctuation of so much of the printed statute as we have quoted agrees with that of the act as finally engrossed.

The question then is, whether the board is restricted to the granting and signing of licenses, or whether it has generally, in regard to the licenses which it is authorized to grant, the powers which had previously been vested in the mayor and aldermen, and the city clerk.   We think that the latter is the true construction.   No satisfactory reason can be given why the power to issue licenses should have been given to the board, and the power to revoke them left with the mayor and aldermen.   The licenses are not contracts, but are in the nature of permissions to carry on a business which the Legislature has deemed it wise to surround with restrictions.   *Calder* v. *Kurby*, 5 Gray, 597.   Naturally, it would seem that the responsibility for the continuance of his license to an individual who has violated any of those restrictions, or who for any reason should not

be suffered to continue in the business, should rest upon the board or tribunal which was responsible for the issue of the license to him. And such has been the tendency of legislation in this State; Prov. St. 1711–12, c. 6, § 4; 1 Prov. Laws, (State ed.) 680; 3 Mass. Col. Rec. 359; St. 1786, c. 68, §§ 2, 3, 8; Rev. Sts. c. 47, §§ 5, 8; St. 1837, c. 242, § 3; St. 1852, c. 322, §§ 4, 11; St. 1868, c. 141, §§ 2, 9, 14, 23; St. 1875, c. 99, §§ 4, 12; St. 1887, c. 206; St. 1894, c. 428, § 4; Pub. Sts. c. 100, §§ 16, 23; Pub. Sts. c. 102, §§ 11, 27, 28, 32, 115; though in some cases, the reasons for which are evident, the power of revocation has been given to courts. St. 1832, c. 166, § 10. Rev. Sts. c. 47, § 8. Pub. Sts. c. 100, §§ 6, 7. Pub. Sts. c. 102, § 19. Without some plain reason, therefore, we should hesitate to conclude that the Legislature intended by this statute to depart from the policy which it had hitherto pursued. The fact that it has not in terms provided that the board should not have the power of revocation, we should not regard as of itself such a reason. The intention of the Legislature is the main object of inquiry, and that is to be ascertained not only from the language of the particular provision, but also from the general scope of the statute and from other provisions relating to the sale and license of intoxicating liquors, and the licensing of innholders and common victuallers. By Pub. Sts. c. 100, § 19, it is provided that, when a person holding a license is convicted of the violation of any law relating to the business which he is licensed to pursue, the court in which or the magistrate before whom the conviction is had shall send to the board which issued the license a certificate showing the time and place of such conviction; the purpose evidently being to furnish the licensing board with information on which it can act in revoking the license. The construction for which the petitioner contends would impair the force of this section if it did not render it nugatory, which could hardly have been intended by the Legislature. Again, by § 23 of the same chapter, it is provided that, if a judgment recovered under § 21 remains unsatisfied for thirty days, the board granting the license shall revoke it. The force of this section also, under the petitioner's construction, would be impaired. Further, by § 28 of the same chapter it is provided that the powers and duties given to

and imposed upon the mayor and aldermen of cities by that chapter, and which includes the power of revocation (§ 16), shall be exercised in the city of Boston by the board of police commissioners. Though possible, it is not at all probable that the Legislature could have intended to confine the powers of the police commissioners in another city when dealing with the license and sale of intoxicating liquors within narrower limits. Lastly, the construction which we have adopted derives support from the fact that the general act of 1894, c. 428, which established boards of license commissioners, and which was passed at the same session and only a short time after the act under consideration, by § 4, provided that such commissioners should "exercise the powers and perform the duties given to and imposed upon the mayor and aldermen of cities" by chapters 100 and 102 of the Public Statutes.

In view of these considerations, we think that the Legislature used the words "the granting and signing of licenses" not in a restricted sense, but as words of general description, and as including the whole matter of licenses, and that the respondents had therefore the power to revoke the license in question.

We have assumed, without deciding or considering it, that certiorari would lie in case it appeared that the respondents had exceeded their jurisdiction.

Since the hearing in this case the Legislature, by St. 1895, c. 343, has removed any ambiguity which previously existed under St. 1894, c. 351. But so far as the present question is concerned, we regard the statute of 1895 as declaratory of what was intended by the former statute, and as not affecting the construction which we have adopted.

*Petition dismissed.*