[Sac. No. 512. Department One.—September 29, 1899.]

## W. H. HEVREN, Appellant, v. D. J. F. REED et al., Respondents.

PROHIBITION AGAINST MUNICIPAL BOARD—EXCESS OF JURISDICTION—JUDICIAL ACTION.—The writ of prohibition cannot be granted against a municipal board, unless it appears that the persons constituting such board are a board *de jure* or *de facto*, and that the proceeding sought to be arrested is in excess of the jurisdiction of the board as a body when acting judicially.

ID.—INSUFFICIENT PETITION—VOID INCORPORATION OF CITY—PRETENDED BOARD—REVOCATION OF PRETENDED LIQUOR LICENSE.—A petition for a writ of prohibition, which shows upon its face that the incorporation of the city was illegal and void, that the persons comprising its pretended board of trustees were not in fact a board of trustees of any city, but were acting wrongfully and without color of right, and were about to revoke a liquor license granted to the petitioner, under a pretended license ordinance passed by them, is insufficient to show a cause for the writ.

ID.—PETITION TAKEN AS TRUE UPON DEMURRER.—Upon demurrer to the petition for the writ, its averments must be taken as true, and the case of the applicant will be considered as he has stated it, without investigation or inquiry as to the merits of the case.

ID.—JUDICIAL ACTION OF VALID BOARD—PRESUMPTION AS TO AUTHORITY TO REVOKE LICENSE.—If a petition to prevent the judicial action of a valid board of trustees in revoking a liquor license lawfully granted by it does not state facts showing a want or excess of authority, it will be presumed that the license ordinance authorized the revocation of any license granted under it, and the writ of prohibition will not lie to restrain the revocation.

ID.—POWER OF REVOCATION FOR CAUSE—LIQUOR LICENSE NOT PROTECTED BY CONSTITUTION—POLICE POWER.—Municipal authorities author-

ized by law to grant a retail liquor license have the power for good cause to revoke the same; and such a license, whether revocable in terms or not, is neither a contract nor property, in any constitutional sense, but is subject at all times to the police power.

APPEAL from a judgment of the Superior Court of Tulare County. Wheaton A. Gray, Judge.

The facts are stated in the opinion.

G. W. Zartman, and Power & Alford, for Appellant.

C. R. Scott, and E. T. Cosper, for Respondents.

COOPER, C.—This appeal is from a judgment dismissing a petition for a writ of prohibition after a demurrer had been sustained to said petition. The petition alleges that the petitioner is a citizen and taxpayer of certain territory described therein; that certain proceedings were taken before the board of supervisors of Tulare county, but without proper petition, order, notice, or other essential required by law, and by virtue of such illegal proceedings and without authority of law the said board of supervisors declared the said territory to be a municipal corporation of the fifth class under the name of "city of Tulare." That on the fourth day of October, 1889, a certain pretended board of trustees of said pretended city unlawfully and wrongfully, and without color of right, assuming to act as a pretended board, passed a pretended license ordinance numbered 66. That on the fourth day of November, 1895, the said pretended city, acting by its said pretended board, issued to plaintiff a permit or license to conduct the business of retailing spirituous liquors. "That defendants are not in fact the board of trustees of said city or of any city." That defendants, without any authority whatever, assuming to act as a pretended board of trustees, are about to, and will, unless prohibited, revoke plaintiff's permit, and declare his license forfeited. Judgment is prayed that defendants, as such pretended board of trustees, be prohibited from revoking said license.

The petition was demurred to upon the ground, among others, that it does not state facts sufficient to constitute a cause of action. We think the demurrer was properly sustained.

The writ of prohibition is for the purpose of and can only be granted for arresting proceedings without and in excess of the jurisdiction of some inferior tribunal, corporation, board, or person. (Code Civ. Proc., sec. 1102.) The complaint or petition in any case in a proceeding against a board of trustees of a city would have to show that the persons against whom the writ was sought were a "board" either *de facto* or *de jure*, and that the proceedings were in excess of the jurisdiction of the board as a body. In this case, the complaint must be taken as true, and it is the universal rule that upon demurrer the court below will consider the applicant's case to be such as he has stated in his pleadings, without investigation or inquiry touching the merits of the action. (High on Extraordinary Legal Remedies, sec. 767 b.)

The petition upon its face states and shows that defendants are not the board of trustees of the pretended city of Tulare either in law or in fact. We know of no law authorizing the writ to issue to individuals when not acting as a board nor judicially. Our writ of prohibition is the writ as known to the common law, and its office is to restrain subordinate courts and inferior judicial tribunals from exceeding this jurisdiction. (*Maurer v. Mitchell*, 53 Cal. 289.) In this case if the complaint or petition is true, the defendants are not the board of trustees of Tulare city, and the ordinance under which the license issued is void. If the defendants revoke a void license, what damage can it cause the plaintiff? The defendants, according to the petition, not being a board, and having no right under the law to revoke a void license or to grant a valid one, cannot be prohibited from such contemplated act. (*Purdy v. Sinton*, 56 Cal. 133.)

If it be conceded that the defendants are the legal and acting board of trustees of the city of Tulare, and that ordinance No. 66 is a valid ordinance, and that defendants, as such board, are about to revoke the license to plaintiff, still there is not enough alleged in the petition to show that petitioner is entitled to the writ asked. We must presume that ordinance No. 66 authorized the board of trustees to revoke or declare forfeited any license that might be issued under it, for the reason that the complaint does not allege or show to the contrary.

If the board have the power to revoke a license under any circumstances as a judicial act, this writ will not lie. It is only in cases where the inferior tribunal is about to do some act unauthorized by law that the writ will lie. (High on Extraordinary Legal Remedies, sec. 764 a; *Murphy v. Superior Court*, 84 Cal. 595; *Powelson v. Lockwood*, 82 Cal. 615.)

The general rule in the American courts is, that the authorities authorized by law to grant a retail liquor license have the power for good cause to revoke the same. (*Board of Excise v. Barrie*, 34 N. Y. 666; *People v. Commissioners of Police*, 59 N. Y. 95; *Commonwealth v. Moylan*, 119 Mass. 109; *Hurber v. Baugh*, 43 Iowa, 514; *State v. Cooke*, 24 Minn. 247; 31 Am. Rep. 344; *Beer Co. v. Massachusetts*, 97 U. S. 25; *La Croix v. County Commrs.*, 50 Conn. 321; 47 Am. Rep. 648.)

In the latter case it is said: "But aside from this consideration, if anything can be settled by legal authorities, the doctrine is too well established to be longer called in question, that a license of this character, whether revocable in terms or not, is neither a contract nor property in any constitutional sense, but is subject at all times to the police powers of the state government."

We advise that the judgment be affirmed.

Britt, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.      Van Dyke, J., Harrison, J., Garoutte, J.