[Civ. No. 558. Second Appellate District.—November 24, 1908.]

## J. K. MILLER, Respondent, v. N. S. ABRAHAMSON, Appellant.

ASSUMPSIT—MONEY HAD AND RECEIVED—COMMON-LAW COUNT—SUFFI-CIENCY OF COMPLAINT.—A complaint in the common-law form of a count in *indebitatus assumpsit* for money had and received, alleging "that defendant is indebted to plaintiff" in a sum specified in the complaint "for money had and received by defendant to the use of the plaintiff" and another person, "within two years last past," sufficiently states a cause of action.

ID.—COMMON COUNTS CONSISTENT WITH CODE PROVISION.—The code provision that the complaint must state "the facts constituting the cause of action in ordinary and concise language," is not inconsistent with the use of the common counts. The question of their consistency is not an open one in this state.

ID.—JUDGMENT SUSTAINED ON ONE COUNT—RULINGS UPON OTHER COUNTS IMMATERIAL.—Where the facts are pleaded in several counts and a general demurrer to the first count was properly overruled, and that count is sufficient to support the judgment, it is immaterial whether the rulings of the court on the other counts were correct or erroneous. Even if erroneous, the error is harmless.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles Monroe, Judge.

The facts are stated in the opinion of the court.

Charles I. Sweet, for Appellant.

Avery & French, for Respondent.

SHAW, J.—Appeal by defendant upon the judgment-roll. The ground upon which a reversal is urged is the alleged error of the court in overruling defendant's general demurrer to the first count of the complaint. The pleading, instead of stating the facts constituting the cause of action based thereon, is in the common-law form of a declaration in *indebitatus assumpsit,* alleging "that defendant is indebted to plaintiff in the sum of $622.10, for money had and received by defendant to the use of the plaintiff and L. P. Laursen within two years last past." Appellant contends

that this form of pleading is inconsistent with the provision of the code requiring the plaintiff to state the facts constituting the cause of action.  At an early date in this state (*Freeborn* v. *Glazer*, 10 Cal. 337), this identical question was made the subject of judicial expression by our supreme court, which then held that a complaint for money had and received in the language here used was sufficient.  In discussing a like objection presented in *Pleasant* v. *Samuels*, 114 Cal. 34, [45 Pac. 998], the court says: "The objection that the common counts are inconsistent with the provision of the code that a complaint must state the facts constituting the cause of action in ordinary and concise language, and are therefore insufficient, is not tenable.  It was held in this state at an early day, and has since been repeatedly held, that the common counts may be used to state a cause of action, notwithstanding the provision referred to, which was found in the old statutes and was adopted into the code (citing cases); and this rule has been recognized and acted upon in most of the states where the code practice has been adopted."  (See, also, *Abadie* v. *Carrillo*, 32 Cal. 172; *McDonald* v. *Pacific Debenture Co.*, 146 Cal. 667, [80 Pac. 1090].)  It is apparent from these decisions that the question is no longer an open one in this state.

The complaint contained second and third counts, based upon the same cause of action, as to which special demurrers, alleging that the same was uncertain and unintelligible, were interposed.  As the first count, to which the general demurrer was interposed and properly overruled, is sufficient to sustain the judgment rendered in favor of plaintiff, it is immaterial as to the rulings made by the court upon the demurrers to the second and third counts.  Even if such rulings were erroneous, it would, at most, constitute harmless error.  However, we may say that a cursory examination discloses no merit in the special objections urged to these counts.

The judgment is affirmed.

Allen, P. J., and Taggart, J., concurred.