[Civ. No. 3981. Second Appellate District, Division One.—February 14, 1924.]

## DE LAVAL PACIFIC COMPANY (a Corporation), Appellant, v. UNITED CLEANERS AND DYERS COMPANY (a Corporation), Respondent.

[1] ELECTION OF REMEDIES—WHEN MADE.—Whenever a party entitled to enforce two remedies either institutes an action upon one of such remedies or performs any act in the pursuit of such remedy, whereby he has gained any advantage over the other party, or he has occasioned the other party any damage, he will be held to have made an election of such remedy, and will not be entitled to pursue any other remedy for the enforcement of his right.

[2] ID.—CONDITIONAL SALE CONTRACT—DEMAND FOR RETURN OF PROPERTY—RIGHT TO SUE FOR BALANCE.—Where the vendor, under a conditional sale contract, of a gasoline purifier, after default in payment by the purchaser, demands a return of the ·purifier, and the purchaser in compliance with that demand returns all parts of the purifier with the exception of the bowl, which is a substantial part of the machine, the vendor may return the portion of the machine thus received and bring suit against the purchaser for the recovery of the amount due under the contract.

[3] ID.—RETENTION OF PROPERTY—UNJUSTIFIED ACTION OF PURCHASER.—The purchaser under such contract was not justified in failing to return to the vendor the bowl of the gasoline purifier sold to the former under the conditional sale contract because of the fact that the vendor had in its possession a bowl belonging to the purchaser, where this latter bowl had been sent to the vendor for the purpose of having same repaired, and it was not being held unlawfully or for any other purpose than that for which it had been sent to the vendor.

APPEAL from a judgment of the Superior Court of Los Angeles County. Ruben S. Schmidt, Judge *pro tem.* Reversed.

The facts are stated in the opinion of the court.

Byron Coleman, Milton K. Young, Lyndol L. Young, William K. Young and Forrest F. Murray for Appellant.

Clark, Law & Clay for Respondent.

CURTIS, J.—Plaintiff sold and delivered to defendant a gasoline purifier, the purchase price being $1,080. Two hundred and fifty dollars of this amount was payable in cash and the balance in monthly payments of $100. The contract of sale provided that the title to the purifier was to remain in the vendor until the purchase price was fully paid, and that in case of the default of the defendant to make any payment as provided by the contract, the plaintiff might take immediate possession of the purifier. Defendant failed to make any payments whatever on the contract except the initial payment of $250. Some months after the date of the delivery of the purifier to defendant, and while defendant was in default in its payments, plaintiff endeavored to collect from defendant the amounts due. The defendant being unable to make the payments, plaintiff demanded of defendant the return of the purifier. In compliance with this demand the defendant shipped from Los Angeles to plaintiff in San Francisco, all parts of the purifier with the exception of the bowl, which was a substantial part of the machine. The plaintiff on ascertaining that the bowl was not shipped with the other parts of the purifier, refused to accept the shipment and returned it to the defendant. Thereupon plaintiff instituted this action to recover the amount due on the contract. The court found the facts substantially as above recited and gave judgment in favor of the defendant.

The theory apparently upon which the court rendered judgment in defendant's favor was that plaintiff, by demanding the return of the purifier, had elected to take possession of the property under the contract and, therefore, that it could not, after electing to retake the property, abandon such proceeding and sue for the recovery of the amount due on the purchase price thereof.

The only question, therefore, involved in this appeal is whether the plaintiff, by demanding a return of the purifier, placed itself in such a position that it could not thereafter maintain this action. It is the respondent's contention that under the contract of sale the plaintiff had open to it two remedies, one whereby it might recover possession of the property conditionally sold and the other whereby it might recover the balance due on the purchase price thereof; that by demanding the return of the property, it elected to

pursue the first-mentioned remedy, and that having made its election it could not thereafter abandon this remedy and invoke the other. In other words, respondent contends that the demand of the plaintiff for the return of the property amounted to an election of this remedy and that it must confine itself to the remedy so elected for the enforcement of its claim against defendant.

Just what acts, on the part of one having two inconsistent remedies for the enforcement of a right, amount to an election of a remedy, is not always clear. The commencement of an action to enforce one of such remedies is generally considered sufficient to estop a party from thereafter pursuing the other remedy. (9 R. C. L. 960.) Although it has also been held that "the more reasonable rule is that the mere bringing of an action which has been dismissed before judgment, and in which no element of estoppel *in pais* has arisen, that is, where no advantage has been gained or no detriment has been occasioned, is not an election." (Id. 961; *Brice* v. *Walker*, 50 Cal. App. 49 [194 Pac. 721].) "The doctrine of election of remedies is generally regarded as being an application of the law of estoppel." (Id. 957.) [1] The rule might therefore be stated as follows: Whenever a party entitled to enforce two remedies either institutes an action upon one of such remedies or performs any act in the pursuit of such remedy, whereby he has gained any advantage over the other party, or he has occasioned the other party any damage, he will be held to have made an election of such remedy, and will not be entitled to pursue any other remedy for the enforcement of his right. [2] Applying this rule to the present action, we might well ask the question, Did the plaintiff, by demanding the return of the gasoline purifier, and by the acts of the parties following such demand, gain any advantage over the defendant, or occasion the defendant any damage? We think this question must be answered in the negative. Upon the demand being made, the defendant shipped to plaintiff certain parts of the purifier, which plaintiff rightfully returned to defendant for the reason that the bowl of the machine was not among the parts shipped. Upon the return of this property to the defendant, it had in its possession everything it possessed at the time the demand was made. No advantage was gained over the defendant, nor was the

defendant occasioned any damage by these transactions. The plaintiff was therefore well within its rights, in our opinion, when, upon defendant's refusal to comply with the demand, it returned the property shipped and brought suit for the recovery of the amount due upon the contract.

[3] The court further found that defendant failed to return the bowl to the plaintiff for the reason that "plaintiff was holding in San Francisco a bowl belonging to another purifier of the defendant." It appears from the evidence that this second bowl had been sent to plaintiff for the purpose of having the same repaired. There is nothing in the findings of the court, nor in the evidence, that would tend to show that the plaintiff was holding this second bowl unlawfully, or for any other purpose than that for which it had been sent to the plaintiff by the defendant. The fact that the plaintiff had in its possession the second bowl, under the circumstances disclosed by the evidence, could not possibly afford the defendant any legal excuse for its failure to return to plaintiff the whole of the property demanded. For these reasons we are of the opinion that judgment should be reversed and that plaintiff should be awarded judgment in its favor for the balance due on the purchase price of the purifier as found by the court in its findings.

Judgment is, therefore, reversed, with directions to the lower court, upon the findings, to enter judgment in favor of plaintiff for the sum of $830, together with interest thereon at the rate of seven per cent per annum from December 15, 1920, for a reasonable attorney's fee as provided in the agreement, and for costs of suit.

Conrey, P. J., and Houser, J., concurred.

A petition by respondent to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 11, 1924.

All the Justices concurred.