[Civ. No. 4854.    First Appellate District, Division One.—September 25, 1924.]

ASSOCIATED FRUIT COMPANY (a Corporation), Respondent, v. SAN JOAQUIN FRUIT GROWERS AND SHIPPERS, INC. (a Corporation), Defendant; DAN K. KAZANJIAN, Appellant.

[1] Election of Remedies — Executory Sales — Estoppel. — The doctrine of election of remedies is generally regarded as being an application of the law of estoppel. Thus in the case of executory sales of property, a party to the contract upon its breach may treat the contract as rescinded, and if he has advanced money on it, bring an action for its recovery; or he may treat the con-

1.   See 6 Cal. Jur. 388; 6 R. C. L. 1031.

tract as still in force and maintain an action in damages for the breach, but he cannot pursue both courses.

[2] Id.—Contract to Sell Grapes—Commissions—Recovery of Advance—Subsequent Action to Recover Commissions—Estoppel not Applicable.—Where defendants contracted to deliver to plaintiff a specified quantity of grapes which the latter, for a stipulated commission, agreed to sell for the account of defendants, and upon the execution of the contract plaintiff made an accommodation advance to defendants, for which the latter gave their promissory note, the contract further providing that an accounting should be made as soon as the grapes were sold and the amount due therefor collected and that plaintiff might repay itself from such proceeds the amount of said advance, the act of plaintiff in prosecuting to judgment an action for the recovery of the amount due on the promissory note did not estop it from maintaining a subsequent action for the recovery of the stipulated commission where the defendants defaulted in their contract by wholly failing to deliver the grapes.

---

(1) 20 **C. J.**, p. 4, sec. 2, pp. 14, 15, sec. 10.   (2) 20 **C. J.**, p. 10, sec. 8.

APPEAL from a judgment of the Superior Court of Fresno County.   D. A. Cashin, Judge.   Affirmed.

The facts are stated in the opinion of the court.

N. Lindsay South for Appellant.

George Cosgrave for Respondent.

TYLER, P. J.—Action to recover a commission provided for under a contract for the sale of certain grapes.

Plaintiff Associated Fruit Company is a corporation engaged, among other things, in marketing fresh grapes grown in the San Joaquin Valley. Defendant San Joaquin Fruit Growers and Shippers is also a corporation conducting a like business, and defendant Dan K. Kazanjian is an individual who produces, buys, and sells fresh grapes. On February 20, 1922, the parties entered into a contract in writing whereby said defendants agreed to deliver to plaintiff during the month of September, 1922, twenty-five carloads of Muscat grapes in open lugs, which plaintiff agreed to sell for the account of said defendants, and for which services

to be performed on the part of plaintiff defendants agreed to pay five dollars per ton. It is alleged in the complaint that under the usage and custom of the trade in fresh grapes a carload ordinarily contains twelve tons and that under the contract defendants were bound to furnish three hundred tons. Upon the execution of the contract plaintiff made an accommodation advance to defendants in the sum of two thousand dollars, for which defendants gave their promissory note payable on October 1, 1922. The contract provided that an accounting should be made as soon as the grapes were sold and the amount due therefor collected, and that plaintiff might repay itself from such proceeds the amount of such advances. The complaint then charges that defendants wholly failed and refused either to furnish grapes or to repay the money.

It appears from the record that prior to the institution of this proceeding plaintiff had brought suit on the two thousand dollar note as soon as it became due, and recovered judgment thereon, and that this judgment has been fully satisfied and paid. The present action was brought for the recovery of the sum of fifteen hundred dollars, the commission provided for in the contract for the sale of the three hundred tons of grapes. By way of plea in abatement defendants set up plaintiff's recovery on the promissory note in the former action, which action they claimed amounted to a rescission on the part of the plaintiff of the contract, which deprived it of any right of action in damages for a breach of the contract which it otherwise might have.

The trial court found that plaintiff had fully performed all of the terms, conditions, and covenants of the contract upon its part to be performed, and at the time for the delivery of the grapes was able, ready, and willing to receive the same, and throughout all the times mentioned duly offered to perform. It further found that neither of the defendants at any time delivered any grapes pursuant to the terms of the contract but, on the contrary, had failed and neglected to perform any of its terms with reference thereto. It also found in effect that plaintiff by its action in bringing suit to recover on the promissory note did not elect to treat the contract as rescinded. Judgment was rendered in favor of San Joaquin Fruit Growers and Shippers

and against defendant Kazanjian for the sum of fifteen hundred dollars, damages and costs, from which the latter appeals.

His sole contention in support of his appeal is that because of the act of plaintiff in prosecuting an action for the recovery of the amount due on the promissory note, it is estopped to claim any other or further relief. In furtherance of this contention we are cited to the cases of *House* v. *Piercy*, 181 Cal. 347 [183 Pac. 807], and *De Laval Pacific Co.* v. *United Cleaners etc. Co.*, 65 Cal. App. 584 [224 Pac. 766].

Those cases deal with the election of remedies, but they do not support appellant in his contention. **[1]** The doctrine of election of remedies is generally regarded as being an application of the law of estoppel (*De Laval Pacific Co.* v. *United Cleaners etc. Co., supra*). Thus in the case of executory sales of property, of which the cases relied upon are examples, a party to the contract upon its breach may treat the contract as rescinded, and if he has advanced money on it, bring an action for its recovery; or he may treat the contract as still in force and maintain an action in damages for the breach, but he cannot pursue both courses. **[2]** Here, however, the rights relied upon are separate and distinct. Plaintiff was entitled in all events to the amount it had advanced as an accommodation and for which a promissory note was given. It was likewise entitled to the profits arising under the contract. These claims might have been joined in a single action, but plaintiff was not bound to delay bringing its action upon the promissory note when due until such time as its rights to the commission provided in the contract might be determined. Separate causes of action could be maintained under these circumstances (1 Cor. Jur. 1111, 1114), and a resort to one constituted no bar to the other. No advantage was gained by the plaintiff in thus pursuing its remedies, nor was the defendant occasioned any damage thereby. We are therefore of the opinion that there is no merit in appellant's contention.

The judgment is affirmed.

St. Sure, J., and Knight, J., concurred.