[S. F. No. 11932.   Department Two.—January 26, 1928.]

HAROLD W. BUTLER, Appellant, v. SOLANO LAND COMPANY (a Corporation), Respondent.

Glensor, Clewe & Van Dine for Appellant.

C. W. Durbrow, Frank B. Austin and Albert Michelson for Respondent.

RICHARDS, J.—This appeal is from a judgment in the defendant's favor in an action brought by the plaintiff for the recovery of a commission claimed by plaintiff to be due him upon a contract of employment between himself and the defendant, by which he was employed in the capacity of a broker to procure a purchaser for certain real estate owned by the defendant, and for which he was to be paid a commission of five per cent upon the purchase price. Plaintiff alleged that he procured such purchaser and had thereby earned the stipulated commission.   The main defense which the defendant urged in its answer and upon the trial of the action was that the plaintiff, while assuming to act as the defendant's agent in the premises, had also, and

without defendant's knowledge, agreed with the purchaser to receive and that he did receive from him a commission upon the sale of the premises in question. The trial court found in favor of the defendant upon its said plea and contention, and upon such finding rendered its judgment in the defendant's favor. The assault which the plaintiff and appellant makes upon said finding and upon the judgment based thereon is predicated upon the proposition that under the terms of the agreement between himself and the defendant he was invested with no discretion as to the amount of the purchase price which the purchaser found by him was to pay for said property, and that this being so he was exempted from the rule which he otherwise concedes to be correct and which would have forbidden him, without the knowledge of his employer, from receiving a commission from the other party to the transaction. The difficulty with the appellant's contention in this regard is that it sufficiently appears from the evidence in the case and from the findings of the trial court that the plaintiff's agreement contained the provision that he was to procure a purchaser for the defendant's property at a price "not less than $30.00 per acre," and that in procuring such purchaser the plaintiff actively engaged in the negotiation between the owner and such purchaser with a view to the transfer of the property to the latter at said minimum price, without revealing to his said employer the fact of his secret agreement with the purchaser for a double commission, and that as a result thereof the land was sold for such price. Such being the state of the evidence and the findings, it follows that the judgment of the trial court was, as a matter of law, correct in denying the plaintiff a right to recovery herein.

The judgment is affirmed.

Shenk, J., and Langdon, J., concurred.