[Civ. No. 3755. Third Appellate District.—April 15, 1929.]

AMERICAN–LaFRANCE FIRE ENGINE COMPANY OF CALIFORNIA (a Corporation), Plaintiff, v. ERNEST BAGGE et al., Respondents.

Walter M. Campbell for Appellant.

Henry Haves for Respondents.

PLUMMER, J.—This cause is before us upon an appeal by the plaintiff from a judgment rendered in favor of the defendants, after demurrer to the plaintiff's complaint had been sustained without leave to amend.

The complaint is in two counts. The first is to recover the sum of $60,712, with interest, on a conditional sales contract covering fifteen trucks alleged to have been sold by the plaintiff to the defendants. The second cause of action is set forth by way of common counts, for goods, wares and merchandise sold and delivered to the defendants. The demurrer of the defendants was based upon the objection that

neither the first nor the second cause of action set forth sufficient facts to enable the plaintiff to maintain the suit. The demurrer was also directed against the first cause of action on the further ground that it was ambiguous, uncertain, etc. The court sustained the demurrer to both counts without leave to amend.

The conditional contract upon which the first cause of action set out in the plaintiff's complaint is set forth is an exhibit and is made a part of the first cause of action. This conditional contract, as it appears in the transcript, sets forth the price at which the property is to be sold; that the title shall not pass to the purchaser; that the purchaser shall keep the property free of all taxes, liens and encumbrances; that payment shall be made at certain dates, beginning on or before 120 days after the date of the contract; and further provided that in the event of a failure to pay any of the installments at the time they became due, then and in that case the seller might at his election declare the whole amount remaining unpaid, due and payable. This portion of the contract appears to have been signed by the respective parties, and then there was added thereto the following:

"The total price of said trucks is $70,601.32, including insurance, no part of which has been paid; in lieu of the cash payment of fifteen thousand four hundred forty-three and 8/100 ($15443.08) dollars thereon the seller has agreed to deliver possession of said trucks to the purchaser without payment, upon condition that said purchaser shall keep said trucks in use for compensation and shall turn over to the seller, as received by him, all earnings thereof, after deducting only the drivers' wages of not exceeding an average of $8.00 per day and the expenses for oil and gas; out of the amounts so received the seller shall retain interest, insurance expense and any necessary repair bills, and shall credit the balance thereon on the first payment mentioned in the above schedule until twelve thousand four hundred forty-three and 8/100 ($12443.08) dollars shall have been so credited, at which time the purchaser shall pay out of his own funds an additional sum of three thousand ($3000.00) dollars; the balance of fifty-five thousand one hundred fifty-eight and 17/100 ($55,158.17) dollars shall then become due and payable in eighteen (18) monthly payments—one (1) for three

thousand one hundred fifty. and 17/100 ($3150.17) dollars; sixteen (16) for three thousand one hundred fifty ($3150.00) dollars and one (1) for one thousand six hundred eight ($1608.00) dollars, with interest from date of the completion of payment of $15,443.08 first above mentioned, and the seller shall have the right to date the notes described by inserting in each the date upon which the seller shall have received the balance of the $15,443.08, provided, however, if the same shall not have been received within 120 days from the date hereof the seller may, at its option, terminate this contract and repossess such trucks. It is further understood that the purchaser shall submit to the seller monthly for audit the statements made by his employers and his statement of wages of drivers and expenses of oil and gas above mentioned. Supplement entered into contemporaneously with the execution of the above contract.

"AMERICAN-LAFRANCE FIRE ENGINE COMPANY OF CALIFORNIA.

"By J. E. ARMSTRONG.

"BAGGE BROS., Purchaser.

"By ERNEST BAGGE."

The allegations of the first cause of action, based upon what we have just set forth, are as follows: "That said defendants have not paid the installments of $17,325.78, or any part thereof, except the sum of $9889.31, leaving a balance of said first installment amounting to $7436.47 unpaid and said defendants have not paid the remaining eighteen installments, or any part or portion thereof, or any interest thereon. That the plaintiff, on account of the default of said defendants in not paying the whole of the said first installment with interest thereon, on or before 120 days after April 12, 1926, has elected to declare, and has declared all of said installments to be due and payable, and that there is now due, and owing and unpaid from said defendants to the plaintiff, under said contract and upon the promissory notes aforesaid, the sum of $60,712.01 with interest thereon from the 10th day of August, 1926, at the rate of 8 per cent per annum."

The principal case relied upon by the appellant for a reversal herein as to the first cause of action is that of *Johnson* v. *Kaeser*, 196 Cal. 686 [239 Pac. 324], and cases

there cited. An examination of the case above mentioned discloses that the contract sued upon is worded entirely different from the one involved in this action. In that case the seller was given an election as to whether he would repossess himself of the property or declare the entire purchase price due and institute suit for the unpaid portion thereof. By the addition or supplement or rider to the conditional contract of sale in this case, or by whatever name it may be designated, the seller explicitly limited its right, in the event of a failure to receive payment in a certain amount during 120 days after the sale, to repossess itself of the property mentioned in the contract, and having set forth these facts in its complaint in the first cause of action therein, it proceeded to do exactly what the trial court stated—"pleaded itself out of court." It had but one remedy under the conditional contract of sale and its pleadings show that the plaintiff has mistaken its remedy so far as the first cause of action is concerned. The second cause of action is in the following words and figures:

"For a second and separate cause of action plaintiff alleges as follows:

"I.

"That the plaintiff is a corporation duly organized, existing and doing business under the laws of the State of California, with an office and place of business in the city of Los Angeles, county of Los Angeles, in said state.

"II.

"That the defendants Ernest Bagge and Walter Bagge at all the times hereinafter mentioned were and are now copartners doing business under the firm name and style of Bagge Bros.

"III.

"That within two years last past the defendants became indebted to the plaintiff for goods, wares and merchandise sold by the plaintiff to the defendants at their special instance and request in the sum of $73,439.45, no part of which has been paid except the sum of $9889.31.

"IV.

"That said defendants have not, nor has either of them, paid to the plaintiff the said sum of $73,439.45, nor any part thereof except the sum of $9889.31, and that there is now due, owing and unpaid from the defendants to the

plaintiff the sum of $63,550.14, as follows: $60,712.01, with interest thereon from the 10th day of August, 1926, and $2838.13, with interest thereon from February 17, 1927, at the rate of eight (8%) per cent per annum, and that demand has been made upon said defendants for the payment of said sum, but that they have failed, neglected and refused to pay the same, or any part thereof.

"Wherefore, plaintiff demands judgment against said defendants for the sum of $60,712.01, with interest thereon from the 10th day of August, 1926, at the rate of eight (8%) per cent per annum, and for the sum of $2838.13, with interest thereon from the 17th day of February, 1927, and for attorney's fees in the sum of $1500.00, and for its costs in this behalf expended, and for such other and further relief as to the court may seem just in the premises.

"WALTER M. CAMPBELL,
"Attorney for Plaintiff."

The demurrer to this cause of action, as stated, is general only, and if a cause of action is set forth by way of common counts, it is sufficient, and the demurrer should have been overruled. An inspection of the second cause of action we think shows without controversy that it sets forth sufficient facts to render it immune against a general demurrer.

That a party may plead his cause of action by way of common counts is no longer an open question in this state. In the case of *Miller* v. *Abrahamson,* 9 Cal. App. 396 [99 Pac. 534], the rule is thus stated: "A complaint in the common-law form of a count in *indebitatus assumpsit* for money had and received, alleging 'that defendant is indebted to plaintiff' in a sum specified in the complaint 'for money had and received by defendant to the use of the plaintiff' and another person, 'within two years last past,' sufficiently states a cause of action." In the case at bar, instead of "money had and received," the complaint reads, "goods, wares and merchandise sold." Nor does it matter, in the use of common counts, if the complaint sets forth different causes of actions, that the causes of actions so set forth are inconsistent. (*Tanforan* v. *Tanforan,* 173 Cal. 270 [159 Pac. 709].) Other cases might be cited, but the cases referred to in the opinions of the cases here mentioned are sufficient to show that a pleading by way of common counts

is admissible in this state, and that the plaintiff in this action, in setting forth its second cause of action by way of common counts, has pleaded sufficient facts to render it immune against a general demurrer. It therefore follows that the court erred in sustaining the defendants' demurrer to the plaintiff's second cause of action. ■ The mere fact that the trial court may have been of the opinion that the plaintiff, in pleading its first cause of action upon a contract, had set out sufficient facts to justify the conclusion that the plaintiff could not prove its second cause of action, furnished no grounds upon which to sustain the defendants' demurrer to the second cause of action.

It is therefore ordered that the judgment of the trial court, in so far as it is based upon the order sustaining the demurrer to the second cause of action set out in the plaintiff's complaint, be, and the same is, hereby reversed, and the trial court is directed to overrule the defendants' demurrer as to said second cause of action, and permit the defendants to answer thereto, if so advised, within such time as may be fixed by the trial court according to law.

It is further ordered that the judgment of the trial court based upon its order sustaining the defendants' demurrer to the first cause of action set out in plaintiff's complaint, be, and the same is, hereby affirmed.

It is further ordered that neither party to this action recover costs on appeal.

Thompson (R. L.), J., and Finch, P. J., concurred.