[L. A. No. 10018.   In Bank.—December 6, 1929.]

CONTINENTAL MORTGAGE COMPANY (a Corporation), Respondent, v. ALBERT JOSEPH EYRAUD, Appellant.

Michael F. Shannon and Thomas A. Wood for Appellant.

Newby & Newby and Dee Holder for Respondent.

WASTE, C. J.—Plaintiff brought an action alleging that it had rented to the defendant an apartment house in the city of Los Angeles, including the furniture and furnishings therein, and that during a specified period the defendant "became indebted to the plaintiff for the rent of said apartment house and the furnishings therein contained." The agreement upon which the action is based granted the defendant the right to lease the apartments for a term of years and to purchase the furniture, furnishings and equipment in the apartments upon a conditional sales contract, both propositions being embraced in a single instrument.

The defendant took possession of the premises and the furnishings and operated the establishment for a period of more than twenty-six months, finally voluntarily relinquishing possession and entering into an agreement with the landlord by which the parties adjusted their rights as to their future relations under the terms of the contract, but specifically providing that any indebtedness under the contract should be determined as of the date of relinquishing possession. The plaintiff landlord thereupon brought this action to recover the sum of $15,750, the amount alleged to be due upon the original contract. The trial court took the view that the action embraced the total sum due to the plaintiff, both upon the rental agreement and the conditional sales arrangement, and fixed the total balance due upon the entire contract at the sum of $14,955, for which judgment was entered in favor of the plaintiff.

It was, and is, the contention of the defendant that the complaint should be construed strictly as one for rent, and that no part of the unpaid purchase price of the furniture should be included in the judgment. While it may be said that the allegation of the complaint might have been more specific, it was sufficient, under the liberal rule of construction now applied to pleadings in this jurisdiction, to support the theory adopted by the trial court that the action embraced the total sum due to the plaintiff, both upon

the rental agreement and the conditional sales portion of the contract. We think the action of the court was proper, for any other view would be too restricted a view to take of the case. The trial court apparently took evidence upon the entire transaction between the parties, and estimated the total amount due upon the rental agreement and also upon the conditional sales contract as of the date of the termination of the relations between the parties, and deducted therefrom the total payments which the defendant had made. By so doing it found the total balance due from the defendant to the plaintiff, for which it gave judgment. We are of the view that the action properly contemplated a recovery of the whole sum due from the defendant to the plaintiff upon both parts of the single contract between them, and that the recovery is warranted by the evidence and the findings.

The judgment is affirmed.

Seawell, J., Shenk, J., Richards, J., Preston, J., Curtis, J., and Langdon, J., concurred.

Rehearing denied.

All the Justices present concurred.