[Civ. No. 4261. Third Appellate District.—March 31, 1931.]

MARY E. HOCKER, Administratrix, etc., Appellant, v. NELLIE GLOVER, Administratrix, etc., Respondent.

Mark R. Averill and M. S. Hamilton for Appellant.

Clark, Nichols & Eltse for Respondent.

MR. JUSTICE THOMPSON (R. L.) DELIVERED THE OPINION OF THE COURT.—This is an appeal from a judgment against the plaintiff upon a claim for services rendered.

John Buckley owned a small unimproved tract of land at El Cerrito. During a term of four years prior to September 5, 1926, the plaintiff was periodically employed by him to perform labor on this property. He helped construct chicken-houses, cabins and a garage. He aided in building fences, laying sidewalks and planting trees. During a portion of this time the plaintiff roomed and boarded with the family of John Buckley. The amount of compensation for this service was not agreed upon. Nor was the value of the room and board stipulated. John Buckley died September 5, 1926. His estate was probated. The defendant was appointed and qualified as administratrix of his estate.

154

April 18, 1927, the plaintiff presented his claim to the estate for services based upon the following items:

```
"48 months' salary at $75 per month......$3,600
Less $240 received on account............  240
                                         _____
                     Balance...............$3,360"
```

This claim was rejected. In addition to the foregoing facts the court found that the plaintiff's claim for services which were performed prior to September 5, 1924, is barred by the provisions of section 339 of the Code of Civil Procedure; that the services of the plaintiff which were performed within two years prior to the death of the deceased were fully paid; that the reasonable value of these services was compensated by the room and board which were furnished to the plaintiff during that period of time, and by the payment to him of an additional aggregate sum of $1610; that the plaintiff did not purchase supplies for the deceased, except occasionally in small quantities, which supplies were "paid for by John Buckley". A judgment was accordingly rendered in favor of the defendant directing that the plaintiff take nothing by his cause of action. From this judgment the plaintiff has appealed.

The appellant contends that the fourth and seventh findings of the court are unsupported by the evidence. Portions of these findings are challenged by the plaintiff as erroneous. The challenged portions read as follows: "4. . . . Said plaintiff did not purchase supplies for said John Buckley and his said wife except on rare occasions, and then such supplies were in small quantities, and were paid for by said John Buckley." "7. That the reasonable value of the services rendered by the plaintiff . . . during the two year period next immediately preceding the day of death of John Buckley, to-wit, September 5th, 1926, did not exceed the compensation which the decedent, John Buckley, actually rendered plaintiff therefor, consisting of the board and room and payments aggregating $1,610.00."

The language above quoted from the fourth finding is equivalent to holding that the plaintiff never did purchase household supplies for the deceased, except such as were paid for by John Buckley; that John Buckley, and not the plaintiff paid for all such supplies. This finding is fully sustained by the testimony. The only evidence which

the record contains, of the purchase of supplies by the plaintiff is inferred from an alleged conversation which Dr. J. M. Hocker had with Mr. Buckley prior to his death. The doctor testified, "He spoke about running his house on a similar budget, and (said) that when they needed provisions he (John Buckley) would draw a check to Henry Hocker and they would send him to buy supplies. . . . If he ran short of money, why Henry was well acquainted in the neighborhood where he made his purchases and could readily draw a check." This is not an admission that the plaintiff drew his check to pay for the household supplies. It is a mere declaration that he might have done so in case of necessity. There is no evidence that such an emergency arose. Upon the contrary E. S. Glover testified that the plaintiff told him in the spring of 1926 that, "Mr. Buckley had no bills, and that he paid his bills as he went along." Nellie Glover, the administratrix, who lives in a house adjoining the home of the deceased, and who was employed to care for the invalid wife of the deceased for about a year prior to his death, testified, "Mr. Buckley purchased his own supplies and went with me and my husband to market and purchased his household supplies. . . . That from the time . . . (I) began to help in caring for Mrs. Buckley . . . (I) knew how the household expenses were taken care of; that the money came from a dish in the cupboard to pay the household bills during the last year before Mr. Buckley died; that before that Mr. Buckley gave the money to . . . (me and I) paid for the household supplies." Mrs. Glover also testified: "Plaintiff told . . . (me) Mr. Buckley did not owe any debts; that he always paid his debts right up; that on the day of the funeral the plaintiff told . . . (me) that Mr. Buckley had no debts."

▐ Moreover, it is immaterial, under the issues of this case, whether or not the plaintiff paid for household supplies from his own resources. Neither the claim which was presented to the estate, nor the complaint contains allegations to the effect that the plaintiff paid for supplies from his own resources. The pleadings do not ask for reimbursement for money advanced or loaned for this purpose. The presented claim and the complaint is each based upon a demand for compensation for services performed. No other cause of action is included in the pleadings. A

judgment based upon the theory of money advanced by the plaintiff for supplies would constitute a fatal variance from the allegations of the pleadings. This finding by the court is therefore surplusage and harmless.

The first cause of action which is alleged in the complaint is based upon the doctrine of *quantum meruit*. The second cause of action alleges an express contract to pay the plaintiff $75 a month for services rendered. There is no evidence that any contract was executed agreeing to pay a stipulated sum of money for services performed. The plaintiff is therefore compelled to rely upon his first cause of action to recover the reasonable value of the services which he rendered. There is evidence supported by adequate findings to the effect that the plaintiff did perform service for the deceased during the period of two years prior to his death. There is no claim there was a contract executed which stipulated to compensate the service. The statute of limitations therefore bars the right of recovery upon an oral agreement for services performed prior to this two-year period. (Sec. 339, Code Civ. Proc.) The language of the claim which was presented to the estate, and the allegations of the first count of the complaint are broad enough to authorize the admission of testimony regarding the reasonable value of the services which were performed. (*Warder* v. *Hutchinson,* 69 Cal. App. 291, 297 [231 Pac. 563] ; 26 Standard Ency. of Proc. 531.) Our attention is not directed to any evidence in the record affecting the value of these services. There appears to be a total absence of evidence of the reasonable value of the labor performed. There is therefore no evidence upon which the court could have rendered a judgment in favor of the plaintiff. The court did find that the value of the board and room and the cash aggregating the sum of $1610 which was paid to the plaintiff did offset the value of the services performed. There is not even evidence of the value of the board and room. But for the purpose of supporting the judgment this court must hold that the labor which was performed by the plaintiff was not of greater value than the cash which was paid to him. At least the plaintiff may not complain since he has furnished the court with no evidence of the value of his services.

■ It is conceded the deceased paid the plaintiff the aggregate sum of $1610 during the two years prior to his death. Checks amounting to this sum, drawn in favor of the plaintiff and indorsed by him, were offered in evidence. These were small checks, none of which exceeded the sum of $25 except one which was for the sum of $50. The plaintiff contends there is no evidence these checks were drawn in payment for the services rendered by him. Since the evidence indicates that the only indebtedness of the deceased which was due to the plaintiff during the period of two years prior to the death of John Buckley was for the services involved in this action, the execution and delivery of these checks must be deemed to have been in compensation for this indebtedness. There is no substantial evidence that the deceased owed the plaintiff on any other account. The plaintiff admitted that the deceased owed no bills at the time of his death. In the absence of evidence to the contrary the payment of money from the deceased to the plaintiff is presumed to be on account of the debt due to the latter. Section 1963, subdivision 7, of the Code of Civil Procedure, provides: "All other presumptions are satisfactory, if uncontradicted. They are denominated disputable presumptions, and may be controverted by other evidence. The following are of that kind: . . . 7. That money paid by one to another was due to the latter." In the absence of evidence that these checks were not in payment of the debt due to the plaintiff, the presumption that they were so drawn, is controlling. (Sec. 1961, Code Civ. Proc.)

■ The burden of proof is upon the plaintiff to show that his claim is a valid charge against the estate; that the services for which he claims compensation were rendered at the request of the deceased within two years prior to his death, and the value of the labor performed. (*Lichtenberg* v. *McGlynn*, 105 Cal. 45 [38 Pac. 541]; *Barthe* v. *Rogers*, 127 Cal. 52 [59 Pac. 310].) ■ The finding of the court to the effect that the plaintiff was fully paid for his services is adequately supported by the evidence. The record discloses no evidence of the value of services performed by the plaintiff.

The judgment is affirmed.