[L. A. No. 11892. In Bank.—December 23, 1932.]

MARY V. BLANDY, Respondent, v. A. L. BOWDEN, Appellant.

Halverson & Halverson for Appellant.

Brown, Bissell & Beery for Respondent.

TYLER, J., *pro tem.*—Appeal by defendant, a real estate broker, from a judgment against him in favor of plaintiff for a secret profit retained by him in connection with his purchase for plaintiff, as her agent, of certain real property.

The complaint, in substance, alleges that defendant received from plaintiff the sum of $1159 in cash and certain securities which he sold for $7,936.63, the total to be invested in certain lots in Los Angeles. Thereafter defendant purchased for plaintiff three lots known and designated as lots 196, 158 and 159 of tract 7026 as per map recorded in book 79, page 42 of maps in the office of the county recorder of Los Angeles County. After such purchase, defendant rendered a statement to plaintiff showing that he had disbursed the sum of $2,100 in the purchase of lot 196, and that he had

further disbursed the sum of $5,256 in the purchase of lots 158 and 159, when in truth and in fact he had only paid the sum of $1550 for lot 196 and but $1250 for lots 158 and 159. Defendant denied all the material allegations of the complaint.

It appeared at the trial that defendant had, in rendering his account to plaintiff, charged her with certain expenditures, falsely showing that he had disbursed the sum of $5,256 in the purchase of lots 158 and 159, when in truth and in fact he had expended but $1250; also, that he had disbursed $2,100 in the purchase of lot 196, when in truth he had expended but the sum of $1550, leaving him a secret profit of $4,000 in connection with lots 158 and 159, and $550 in connection with lot 196. In this statement defendant also showed as a charge against plaintiff a payment from her funds to one Pierce of $327.50 as a commission on $13,100 which the statement falsely showed to be the total purchase price of the three lots, and in the statement he also showed that he had retained for his services in the purchase of the lots a like sum of $327.50 based on the same inflated purchase price, making a total secret profit of $4,877.50.

The trial court found that defendant was plaintiff's agent in the purchase of all three lots. It further found that defendant had disbursed the sum of but $1250 for lots 158 and 159 subject to an encumbrance, and the sum of but $1550 for lot 196; that defendant had made false statements and representations of his disbursements for the purpose of securing to himself a secret profit upon the purchase of the property; that out of said secret profit defendant had paid one J. S. Conley the sum of $1466, and that said sum was not paid by defendant for the account of plaintiff, nor was it a legitimate expense of defendant in the acquisition of the lots. As conclusions of law the court found plaintiff to be entitled to the sum of $4,877.50 for which plaintiff recovered judgment. It further found that defendant, by his fraud and misconduct in the execution of his agency for plaintiff, forfeited any right to receive or retain any commission from plaintiff.

Defendant does not attack the findings of agency as to lot 196, nor does he deny the secret profit of $550 in connection with his purchase. He does claim, however, that the

trial court erred in holding that defendant was not entitled to the profit of $4,000 in the purchase of lots 158 and 159; that the trial court likewise erred in finding and holding that he was not entitled to the sum of $1466 paid Conley. In support of his claim for the profit on lots 158 and 159, it is appellant's contention that at this time the relation existing between the parties was that of vendor and purchaser, and not that of principal and agent. There is no merit in this claim. The three lots were purchased at or about the same time and were purchased with plaintiff's money. Appellant rendered a statement which definitely indicates that he acted as plaintiff's agent. Other evidence fully supports the finding that appellant was acting solely as plaintiff's agent in the premises. Nor is there any merit in the contention that defendant is entitled to a credit for the sum of $1466 he claims to have paid Conley. A fiduciary relation existed between the parties. The burden was, therefore, upon defendant to prove that he made this payment as agent for plaintiff. Conley was not produced as a witness, nor was his absence accounted for. At most the alleged Conley payment was but a division of defendant's fraudulent profit with Conley, and not a proper expense in the purchase of the property.

The appeal is devoid of any merit. The judgment is affirmed.

Waste, C. J., Curtis, J., Langdon, J., Preston, J., Shenk, J., and Seawell, J., concurred.