[Civ. No. 1470. Fourth Appellate District.—October 19, 1934.]

WALKER SMITH et al., Respondents, v. ROBERT W. BROWN et al., Defendants; ALBERT BECK, Appellant.

Sarau & Thompson for Appellant.

R. J. Welch, Jr., for Respondents.

BARNARD, P. J.—The plaintiffs were the owners of a promissory note for $1,000 signed by the defendants Brown and secured by a trust deed covering certain real property then owned by them. Thereafter the Browns exchanged this real property for other property owned by the defendants Beck. Subsequently the plaintiffs foreclosed this trust deed and, after bidding in the property for $600, brought this action seeking a deficiency judgment against all of the defendants for $1,038.53. The defendants Brown defaulted, a nonsuit was granted as to the defendant Helen K. Beck, and judgment for the plaintiffs was entered against the defendant Albert Beck, from which he has appealed.

The several points raised may be treated together as one, namely, that the evidence does not sustain the findings to

the effect that the appellant assumed and agreed to pay the indebtedness in question.

Examining the evidence, we find an escrow agreement dated May 2, 1930, signed by the appellant and the defendant Robert W. Brown, in which these parties agreed to exchange their respective properties. This agreement refers to the above-mentioned encumbrance on the Brown property and contains this clause: "Deed from Brown to recite, grantee herein assume and agree to pay present encumbrances of record." The agreement also provides that the deed of the Brown property shall be made to "Helen K. Beck Albert Beck," with a line drawn through the name "Albert Beck" in that provision. The escrow officer of the title company which handled the escrow testified that after the appellant signed the escrow agreement he asked that his name be stricken from the clause above quoted, leaving Helen K. Beck as the sole grantee, and that thereupon the appellant struck out the words "Albert Beck" in that clause. The deed from the Browns, which was also executed on May 2, 1930, and later recorded, was introduced in evidence. In this deed Helen K. Beck appears as the sole grantee and the deed recites that the same is subject to "a trust deed securing a note for $1000 as of record, which the grantee herein assumes and agrees to pay". There was evidence that the deed was in the appellant's possession after the deal was closed and Helen K. Beck testified that she knew nothing about the transaction, that she had never received the deed, and that she had not been informed that the property had been conveyed to her.

It is well settled that a grantee of property then encumbered by a mortgage or trust deed is personally liable for any deficiency judgment resulting therefrom where he has assumed and agreed to pay the debt, and that his promise to pay may be established by appropriate language in the deed to him, by an independent writing or by a verbal contract (*Fishback* v. *J. C. Forkner Fig Gardens, Inc.*, 137 Cal. App. 211 [30 Pac. (2d) 586]). Assuming that this rule applies to a person interested in the mortgaged property which is conveyed, although not named as a grantee in the deed conveying the same, it necessarily follows that the promise of such a person to pay the debt must be established

in a similar manner. A mortgagee claiming the benefit of such a contract between his debtor and another, must establish the fact that the other party has agreed to pay the debt.

In the case before us, there is no evidence of any verbal agreement on the part of the appellant to pay this debt and the respondents rely entirely upon the escrow agreement and the other evidence above referred to. The only reference to the subject in the agreement of exchange is the provision that the deed shall contain a recital to the effect that the grantee assumes and agrees to pay the indebtedness. While the appellant was one of the grantees originally named in the agreement and while he would have been bound had the exchange been concluded in that form, his agreement was to the effect that the grantee named in the deed should be bound rather than an independent agreement that he would pay the debt regardless of whether or not he was a grantee. After the appellant made the change, calling for the elimination of his name as a grantee, the escrow was closed in the manner then provided. While the appellant would have no right to make this change without the knowledge and consent of the other party to the agreement, the only evidence before us indicates that the other party had such knowledge through his agent, and his consent must be implied from the fact that he then enabled the escrow to be thus closed by conveying the property to the sole remaining grantee. The escrow holder was also the agent of Brown and the agent's knowledge of the change in the contract must be imputed to the principal (*Early* v. *Owens*, 109 Cal. App. 489 [293 Pac. 136]). Moreover, Brown consented to the change and confirmed the same by executing and delivering a deed in which Helen K. Beck was named as the sole grantee. Under these circumstances, we think that Brown released the appellant from any personal obligation to pay the debt and the respondents' rights are dependent upon those of Brown.

The respondents argue that the fact that the appellant's wife had no knowledge of the transaction discloses that the appellant was the real party in interest and that he was, in fact, the real grantee. Although this might be material as to the wife's liability it is immaterial as to the appellant because he had been eliminated as a grantee, the

only basis for holding him at all under the contract, with the implied, if not the actual, consent of the other party thereto. Whether or not he was the real party in interest is immaterial when the contract was so changed as to relieve him from any agreement to pay the debt. While it is argued that the real intention of the parties was that the appellant should assume and agree to pay the amount of this encumbrance, there is no evidence to show this except the escrow agreement itself which, in its final stage, was to the contrary. The parties had a right to agree on a change of grantees, and a court may not make a new contract for them.

The respondents are trying to collect a deficiency judgment from a stranger to the original loan. While they would be entitled to the benefit of any such contract which was made by their original debtors, they must show that one was entered into by the party sought to be charged. The burden was upon them to show that the appellant agreed to pay this debt and we think this burden has not been met by the evidence here produced.

The judgment is reversed.

Marks, J., and Jennings, J., concurred.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 17, 1934.

Preston, J., voted for a hearing.