[L. A. No. 21075. In Bank. Aug. 11, 1950.]

LOUIS STEINER et al., Appellants, v. THOMAS JAMES ROWLEY, Respondent.

Charles C. Montgomery, Jr., for Appellants.

Harold A. Fendler and Robert W. Lerner for Respondent.

EDMONDS, J.—Thomas J. Rowley, a real estate broker, represented Louis Steiner and his wife in connection with their purchase of certain real estate. He is now being sued by them to recover the amount of his commission, an alleged secret profit and exemplary damages. The appeal is from a judgment entered upon an order sustaining Rowley's demurrers to the complaint.

The pleading is in four counts. In the first one, the Steiners allege that Rowley was employed by them as such broker under an oral contract and he owes them $2,000 because

it was paid to him for their use and benefit. More specifically, it is said, Ingwold Andersen and George Shubert paid him that amount "as a side payment and secret profit . . . in consideration of receiving from [him] . . . a favorable recommendation for the purchase of certain property. . . ." This payment, the pleading asserts, was obtained by Rowley in violation of his duty to deal with plaintiffs honestly and fairly as their real estate broker.

The second count is for money had and received. Rowley is indebted to the Steiners for $2,000 paid to him by Andersen and Shubert, it is alleged, and despite demand by the plaintiffs, that amount remains wholly due, owing and unpaid.

The third count alleges that, in addition to $400 which the Steiners paid Rowley for his services, he received a secret profit of $2,000 out of a certain escrow pursuant to instructions given by Andersen and Shubert, the grantees of the property purchased by the Steiners. The instructions as to such payment, the Steiners plead, were not assented to nor known by them.

In the last count, the plaintiffs assert that because Rowley obtained the $2,000 by fraud, oppression and malice, express or implied, they are entitled to exemplary damages.

Rowley generally demurred to each of the four counts, and also pleaded that they are uncertain, ambiguous and unintelligible. There was also a special demurrer upon the ground of failure separately to state a cause of action for contract and one for tort. The court did not expressly distinguish between the general and special demurrers in its minute order, which reads: "[d]emurrer as to fourth cause of action is sustained without leave to amend. Demurrer as to first, second and third causes of action is sustained; plaintiffs are given twenty days to amend." The Steiners declined to plead further and the judgment of dismissal followed.

The use of the singular rather than the plural in the minute order referring to the "demurrer" to each cause of action, and the arguments of the parties upon appeal, show that it was the general demurrer as to each count which was sustained. In any event, it does not appear that any of the counts is ambiguous, uncertain or unintelligible, or that there was any failure separately to state causes of action in contract and tort.

The right of the Steiners to recover against Rowley on count one of their complaint depends upon the applicability of section 1624 of the Civil Code to the transaction which is

the basis of the controversy. That statute reads: "An agreement authorizing or employing an agent or broker to purchase or sell real estate for compensation or a commission . . ." is invalid unless the same, or some note or memorandum thereof, is in writing and subscribed by the party to be charged or by his agent. The first count states, the Steiners contend, a cause of action for the recovery of secret profits made by a fiduciary. The purpose of section 1624 of the Civil Code, they say, is only to prevent a broker from recovering a commission for services performed under an oral contract. As Rowley received his commission and the contract was fully executed, the form of the agreement is immaterial. Finally, they assert that there is a fiduciary relationship between the broker and his employer under either an oral or written contract, and a contrary rule would allow the statute of frauds to be used as a cloak for fraud. Rowley declares that because of the allegation of an oral contract between the parties, count one fails to state a cause of action.

A general demurrer admits the material allegations of the pleading to which it is directed (*Hevren* v. *Reed,* 126 Cal. 219 [58 P. 536] ; *Glide* v. *Dwyer,* 83 Cal. 477 [23 P. 706].)

An agent who receives a secret profit must pay it over to the principal. (*Blandy* v. *Bowden,* 217 Cal. 61 [16 P.2d 903] ; *Butler* v. *Solano Land Co.,* 203 Cal. 231 [263 P. 530] ; *Thompson* v. *Stoakes,* 46 Cal.App.2d 285 [115 P.2d 830] ; *Whiting* v. *Delozier,* 82 Cal.App. 525 [255 P. 861].) Count one of the Steiners' complaint therefore states a cause of action unless the fact that Rowley was employed under an oral contract bars a recovery against him.

Section 1624 of the Civil Code is applicable to the collection by the agent or broker of his ". . . compensation or a commission . . ." and the enforcement by the principal of the broker's agreement (*Marks* v. *Walter G. McCarty Corp.,* 33 Cal.2d 814 [205 P.2d 1025] ; *LeBlond* v. *Wolfe,* 83 Cal.App. 2d 282 [188 P.2d 278] ; see 12 Cal.L.Rev. 328; 5 S.Cal.L.Rev. 233) but it has nothing to do with the cause of action pleaded by the Steiners. They are not attempting to "enforce" a contract made by Rowley. The commission has been paid and the contract for Rowley's services fully executed. The cause of action is one to recover from a fiduciary his commission and secret profits, and the general demurrer to it should have been overruled.

As to count two, the Steiners insist that neither a

general nor a special demurrer will lie against a common count. Rowley relies upon the rule that a common count may not be maintained as the alternative for specifically pleaded facts which do not in themselves state a cause of action. (*Orloff* v. *Metropolitan Trust Co.*, 17 Cal.2d 484, 489 [110 P.2d 396]; *Hays* v. *Temple*, 23 Cal.App.2d 690, 695 [73 P.2d 1248].) However, count one states a cause of action, and upon a general allegation of money had and received, a principal may recover a secret profit upon the theory of general *assumpsit* or the common count for money had and received (*Minor* v. *Baldridge*, 123 Cal. 187 [55 P. 783]). The general demurrer as to count two, therefore, should have been overruled.

The Steiners defend the sufficiency of count three notwithstanding the specific allegation that the claimed secret commission received by Rowley came to him through an escrow to which they were parties. Although the buyers concede that the principals to an escrow are charged with knowledge of its contents, they say that the rule does not make them cognizant of a broker's fraud "even though that fraud may appear incidentally or inferentially in the papers in the escrow."

■ Notice of the contents of the escrow agreement is imputed through the escrow holder to the parties (*Ryder* v. *Young*, 9 Cal.App.2d 545 [50 P.2d 495]; *Smith* v. *Brown*, 1 Cal.App.2d 492, 495 [36 P.2d 1081]; see *Early* v. *Owens*, 109 Cal.App. 489, 494 [293 P. 136]). ■ The escrow instructions provided for payment of $2,000 to Rowley, and the Steiners are charged with notice that he would be paid that amount. However, knowledge that such payment would be made does not include notice that the consideration for it was the broker's inducement of his principal to purchase the land. The escrow documents disclosed no illegal purpose for the payment. Rowley might have been entitled to it as reimbursement to him for advances which he had made for the vendor, or in connection with a transaction entirely unrelated to that of the Steiners.

The third count, therefore, states a cause of action. ■ But even if the facts pleaded in this count show knowledge of the secret purpose of the payment, the first count would not fall because of those allegations. Concededly, all of the counts are based upon the same transaction. ■ A complaint may plead inconsistent causes of action (*Goldwater* v. *Oltman*, 210 Cal. 408 [292 P. 624, 71 A.L.R. 871]; *Beatty* v. *Pacific States S. & L. Co.*, 4 Cal.App.2d 692 [41 P.2d 378]; *Hocker* v.

*Glover,* 113 Cal.App. 152 [298 P. 72]; *American-LaFrance Fire Engine Co.* v. *Bagge,* 98 Cal.App. 291 [276 P. 1066]), although it be verified, if there are no contradictory or antagonistic facts (*Beatty* v. *Pacific States S. & L. Co., supra*).

Here the allegations in the first count to the effect that the profit was secret at most would be inconsistent with, but not antagonistic to, those of the third count in regard to the payments out of escrow. Upon trial, evidence offered in support of the first count may tend to prove the invalidity of the escrow contract, ambiguity in its terms, or mistake in connection with its execution. If, for any reason, this agreement is invalid, then the Steiners are not by imputation bound through knowledge of its provisions.

In the parallel field of aider by reference, the averments of one count cannot be amplified by the allegations of another separately stated cause of action in the same pleading unless the latter are included by special reference or otherwise in the portion of the complaint under attack (*Lord* v. *Garland,* 27 Cal.2d 840 [168 P.2d 5]). Similarly, unless the alternate pleadings contain antagonistic statements, the statement of facts sufficient to constitute a cause of action in one count is not a bar to the maintenance of a separately stated count in the same pleading based upon inconsistent allegations.

Rowley attacks count four upon the ground that, under section 3294 of the Civil Code, exemplary damages are recoverable only in a tort action and, by obtaining a writ of attachment, the Steiners elected to sue in contract. It is further argued that the count is defective because exemplary damages may be allowed only upon the allegation of actual damages (*Mother Cobb's Chicken T., Inc.* v. *Fox,* 10 Cal.2d 203, 205 [73 P.2d 1185]; *Clark* v. *McClurg,* 215 Cal. 279, 282 [9 P.2d 505, 81 A.L.R. 908]) and the Steiners' pleading does not meet this requirement.

It is not necessary in this state to plead with the exactitude required at common law. Section 452 of the Code of Civil Procedure provides that "In the construction of a pleading, for the purpose of determining its effect, its allegations must be liberally construed, with a view to substantial justice between the parties." Section 475 of the Code of Civil Procedure declares that "The court must, in every stage of an action, disregard any error . . . or defect, in the pleadings or proceedings which, in the opinion of said court, does not affect the substantial rights of the parties." Many decisions apply this rule. (*Continental Mtg. Co.* v *Eyraud,* 208 Cal.

566 [283 P. 65]; *Mix* v. *Yoakum,* 200 Cal. 681 [254 P. 557]; *Hayter* v. *Fulmor,* 66 Cal.App.2d 554 [152 P.2d 746]; *Brooks* v. *City of Monterey,* 106 Cal.App. 649 [290 P. 540]; *Snyder* v. *City Bond & Finance Co.,* 106 Cal.App. 745 [289 P. 859]; *Roberts* v. *Griffith Co.,* 100 Cal.App. 456 [280 P. 199].)

In this action, the complaint as a whole clearly shows that any actual damages suffered were in the amount of the agent's commission plus the alleged secret profits. Under the circumstances the fourth count sufficiently pleads that the Steiners sustained damages in a specific amount. (*Risco* v. *Reuss,* 45 Cal.App. 2d 243 [113 P.2d 914].)

Concerning the effect of the writ of attachment obtained by the Steiners, the doctrine of election of remedies is based upon the principle of estoppel. "Whenever a party entitled to enforce two remedies either institutes an action upon one of such remedies or performs any act in pursuit of such remedy, whereby he has gained any advantage over the other party, . . . he will be held to have made an election of such remedy, and will not be entitled to pursue any other remedy for the enforcement of his right." (*DeLaval Pac. Co.* v. *United C. & D. Co.,* 65 Cal.App. 584, 586 [224 P. 766].) The doctrine is well established (*Ravizza* v. *Budd & Queen, Inc.,* 19 Cal.2d 289, 293 [120 P.2d 865]; *Holt Manufacturing Co.* v. *Ewing,* 109 Cal. 353, 356 [42 P. 435]; *Parke etc. Co.* v. *White River L. Co.,* 101 Cal. 37, 41 [35 P. 442]; *Smith* v. *Miller,* 5 Cal.App.2d 564, 570 [43 P.2d 347]).

An action for tort in which exemplary damages are sought is inconsistent with one for money had and received. (Civ. Code, § 3294.) The Steiners were therefore required to make a timely election of remedies. Pleading the two causes of action in the alternative did not constitute an election because inconsistent counts are permissible (*Haigler* v. *Donnelly,* 18 Cal.2d 674, 680 [117 P.2d 331]; *Goldwater* v. *Oltman,* 210 Cal. 408 [292 P. 624, 71 A.L.R. 871]; *Beatty* v. *Pacific States S. & L. Co.,* 4 Cal.App.2d 692 [41 P.2d 378]) and an election cannot be forced by demurrer (*Wilkerson* v. *Seib,* 20 Cal.2d 556, 563 [127 P.2d 904]). But the Steiners also obtained an attachment. This was a positive act of a plaintiff "in pursuit of . . . [the contractual remedy] . . . whereby he has gained . . . advantage over the other party. . . ." (*DeLaval Pac. Co.* v. *United C. & D. Co.,* 65 Cal.App. 584, 586 [224 P. 766].) The Steiners were thereafter estopped to allege a cause of action in tort, and the demurrer as to the fourth count was properly sustained.

The judgment is reversed with directions to the trial court to overrule the demurrer to the first, second, and third counts and allow the defendant to answer.

Gibson, C. J., Shenk, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.