[L. A. No. 17607.   In Bank.—February 24, 1941.]

MORRIS ORLOFF, Appellant, v. METROPOLITAN TRUST COMPANY OF CALIFORNIA (a Corporation) et al., Respondents.

Orloff & Katz, William Katz and Abraham Gorenfeld for Appellant.

Edward Flam, *in pro. per.*, Sydney Tannen, William H. B. Haymond, Philip Grey Smith, Burr & Smith for Respondents.

EDMONDS, J.—An order sustaining general demurrers to a third amended complaint was followed by the judgment of dismissal from which this appeal is prosecuted against

Metropolitan Trust Company, P. T. Libby, Sam Weiss and Edward Flam.

The complaint as amended purports to set forth five causes of action. The first count alleges facts which, the appellant declares, state a cause of action as to respondents Metropolitan Trust Company and Libby, its escrow officer, for breach of an escrow agreement between the trust company, as escrow holder, with the defendants Grossfeld, Margulis, Garrison and Rio Brewing Company, Inc. The remaining counts attempt, respectively, to state causes of action for civil conspiracy, for money received in trust for appellant, for money had and received, and for declaratory relief.

The first cause of action alleges: In 1935, Garrison agreed with Grossfeld, Margulis and the brewing company to purchase all of the capital stock of the latter for approximately $40,000, to be paid through an escrow with the trust company. Under the escrow instructions of Garrison to carry out this purpose, he agreed to deposit $5,000 when certain stock certificates and other papers, specifically described, were delivered to him. He also agreed to deposit $2,500 every three months thereafter. From these sums the escrow holder was directed to pay, in a specified order, the claims of creditors of the brewing company.

These creditors were classified in six groups. The claims of the first five groups were stated as amounting, in the aggregate, to a sum in excess of $18,000. The instructions provided that after the amounts due these creditors were paid, the balance, if any, deposited by Garrison was to be divided *pro rata* to Margulis, Grossfeld and Leo Schinagel, the appellant's assignor. The amounts of the claims of these three were stated as $3,041, $4,985, and $2,500, respectively.

The escrow holder was given notice of the Schinagel assignment after Garrison paid $5,000 to it, and before he deposited further sums totaling $5,375. These amounts were paid to creditors of the brewing company in accordance with the escrow instructions.

Following these payments, Garrison gave the defendant Grace an option to purchase all of the outstanding stock of the brewing company. The option agreement provided that the consideration should be deposited in escrow with Metropolitan Trust Company and required the escrow holder to pay $3,000 to certain persons, which the appellant alleges

constituted all of the unpaid creditors named in the escrow instructions of Garrison except the appellant's assignor. The instructions of Grace also provided for the payment of stated amounts to Grossfeld, Margulis, and Weiss. The appellant charges that these instructions were complied with but the payments to Weiss, Grossfeld, Margulis and Flam included $2,500 which they received "as nominees and dummies" for Schinagel. Concurrently with the closing of this escrow, Garrison, Margulis and Grossfeld notified the trust company, in writing, to terminate the former escrow.

Although the agreement made by Garrison which was expressed by the first escrow is one which the law recognizes as having been made for the benefit of a third person, the amount which the appellant's assignor was entitled to receive under it was not a certain sum. By its terms, Schinagel's interest was contingent, and the appellant does not allege that if Garrison had fully complied with his escrow instructions, the amount deposited by him would have been sufficient to pay the creditors whose claims were specified as being prior to that of Schinagel. ■ Moreover, a contract made for the benefit of a third person may only be enforced by him before the parties thereto rescind it. (Sec. 1559, Civ. Code.) The appellant's complaint pleads a rescission of the agreement by the parties to it long before any attempt was made by him to enforce its provisions, and, at least for that reason, does not state a cause of action.

■■ The second count of the complaint, appellant contends, states a cause of action for civil conspiracy against all of the respondents. In addition to the facts alleged in his first cause of action, he alleges that prior to the termination of the first escrow, the respondents entered into a conspiracy to defraud him of the sum due to him under the assignment of Schinagel; that in furtherance of the conspiracy Schinagel, the respondents and the other defendants agreed to pay Schinagel the amount of the claim which he had theretofore assigned to the appellant by paying, or causing it to be paid, to Weiss, Flam, Grossfeld and Margulis "as nominees and dummies as and for" him; that this conspiracy was carried out by omitting the name of Schinagel from the escrow instructions providing for the transfer of the money paid by Grace for the brewing company's stock; and that pursuant to these escrow instructions Weiss was paid $1305

and Grossfeld, Margulis and Flam $1195, totaling $2,500, in satisfaction of the Schinagel claim. In effect, the appellant charges that Schinagel, the respondents and others conspired to defeat the assignment of his claim for $2,500 by procuring the payment of that amount to him.

These allegations are not sufficient. To state a cause of action for conspiracy, facts must be alleged showing the formation and operation of a conspiracy and damage resulting from an act or acts done in furtherance of the plan. As the cause of action is for the damage suffered, and not the mere conspiracy, the complaint must state facts which show that a civil wrong was done resulting in damage. (*Mox, Incorporated,* v. *Woods,* 202 Cal. 675 [262 Pac. 302] ; *Darrow* v. *Robert A. Klein & Co., Inc.,* 111 Cal. App. 310 [295 Pac. 566] ; *Rapaport* v. *Forer,* 20 Cal. App. (2d) 271 [66 Pac. (2d) 1242] ; 3 Cal. Jur. Supp., p. 746.) The damage is the gist of the action. ''As it is the wrong accomplished—in other words, the deprivation of some right—that must support the action, it follows that if what the plaintiff has been deprived of was not a right at all, but an advantage merely hoped for, he cannot maintain his suit.'' (Cooley on Torts, 4th ed., vol. 1, p. 236.)

The allegations of the complaint affirmatively show that the assignment made by Schinagel to appellant gave the latter no rights as against anyone but the brewing company. He would have benefited if the claim had been paid by Grace, but his failure to receive payment from that source did not discharge the brewing company's obligation. For all that appears in the complaint, the appellant could have recovered from the brewing company the full amount of the Schinagel claim notwithstanding the contract carried out by Grace. The pleading therefore lacks the requirement of an allegation of damage.

By the third cause of action, the appellant attempts to state a cause of action against the trust company and Libby for money which he alleges they received from Garrison in the first escrow and held in trust for him as the assignee of one of the creditors of the brewing company. However, an escrow holder does not become a trustee of the property deposited with him until the conditions of the escrow have been fulfilled. (*Newport Bay Dredging Co.* v. *Helm,* 120 Cal. App. 127 [7 Pac. (2d) 1039] ; *Law* v. *Title Guarantee &*

*Trust Co.,* 91 Cal. App. 621 [267 Pac. 565].) In the present case, the first escrow was terminated by the parties, as they had a right to do, before compliance with its provisions, hence the escrow holder never became a trustee.

■ The appellant states as his next cause of action the common count of money had and received. But this count, following allegations setting out in detail the facts upon which appellant relies, must be considered in connection with those facts. As the statements of those facts do not support a cause of action against the trust company or Libby the demurrers were properly sustained as to them. (*Hays* v. *Temple,* 23 Cal. App. (2d) 690 [73 Pac. (2d) 1248].)

■ In support of the ruling of the trial court sustaining their demurrer to this cause of action, the respondents Weiss and Flam contend that it is barred by the statute of limitations. (Code Civ. Proc., sec. 339.) This point is well taken and must be upheld. These respondents were not named in the original complaint as parties to the action but were included as defendants in the amended complaint filed June 8, 1939. The cause of action upon the common count was first pleaded by the appellant at that time. By other allegations of the appellant, it affirmatively appears that the money which Weiss and Flam received through the Grace escrow was paid to them on March 25, 1937.

■ The final count of the complaint is, in form, one for declaratory relief. The appellant alleges that a controversy exists between him and the defendants as to their respective rights and obligations under the agreements which have been particularly pleaded. But all of the acts of which he complains were concluded before his suit was commenced and the relief he seeks is for the court to review them and declare that he is entitled to a judgment for $2,500. These allegations do not measure up to the requirements of an action for declaratory relief, and the superior court properly refused to exercise its power to entertain the complaint upon that count. (Code Civ. Proc., secs. 1060, 1061.) ■ Moreover, a judgment refusing to entertain a complaint for declaratory relief is not reviewable upon appeal except for an abuse of discretion, which is not here shown. (*Cutting* v. *Bryan,* 206 Cal. 254 [274 Pac. 326].)

The judgment is affirmed.

Traynor, J., Shenk, J., Curtis, J., and Carter, J., concurred.