## Appellate Department, Superior Court, Fresno

[Crim. A. No. 2.   Aug. 11, 1952.]

THE PEOPLE, Respondent, v. JOHN D. PAKCHOIAN, Appellant.

N. Lindsay South and James C. Janjigian for Appellant.

E. Clarke Savord, District Attorney (Fresno), and Lewis W. Boies, Jr., Deputy District Attorney, for Respondent.

SHEPARD, P. J.—This matter comes before the court on defendant's appeal from a judgment of conviction of violation of section 140 of the Vehicle Code of the State of California in driving on a public highway, without proper registration, a vehicle required by state law to be registered.

The facts shown by the statement on appeal are that defendant, at the time and place alleged in the complaint, caused

an unregistered, four-wheel Le Tourneau "scraper or carry-all" to be towed on a public highway. This "scraper or carry-all" is designed for automatic pickup and moving of free earth without regard to where the earth may be or whether the purpose be farm, leveling highways, building sites or airports or other industrial uses, but defendant testified without contradiction that he actually used the same only for farm leveling and scraping.

The appellant contends that this "scraper or carry-all" is not a vehicle within the meaning of sections 31 and 32 of the Vehicle Code, or section 140 of the Vehicle Code; that it is specifically exempted by section 142(c) of the Vehicle Code; that there is no requirement under section 140 for registration; that the complaint fails to state facts sufficient to constitute a criminal offense under section 140; that the court erred in permitting questions as to how the subject equipment could be used; and that the evidence is insufficient to support the judgment.

Vehicle Code, section 31, provides that a vehicle is a device in, upon, or by which any person or property is, or may be propelled, moved or drawn upon a public highway.

Vehicle Code, section 140, makes the moving of an unregistered vehicle of a type required to be registered, a misdemeanor.

Vehicle Code, section 36, describes a trailer as a vehicle designed for carrying persons or property on its own structure to be drawn by another vehicle with none of the trailer's weight resting on the propelling vehicle.

Vehicle Code, section 141, provides that any trailer or semitrailer (among other vehicles) must be registered subject to the exemptions contained in section 142.

Vehicle Code, section 142(c), exempts from registration any implement of husbandry.

Vehicle Code, section 45, provides that an implement of husbandry is a vehicle which is designed *exclusively* for agricultural operations. (Emphasis ours.)

Vehicle Code, section 372.3 defines "carry-all" and uses the trade name "Le Tourneau" as one of the types recognized and specifically excludes "carry-alls" from the weight fees required by the Vehicle Code when used exclusively for agricultural purposes. This section refers to affidavits accompanying applications for registration where the exemption from weight fees is sought and provides that after registration if

it is desired to use the "carry-all" for other purposes, weight fees must then be paid.

Counsel have not referred us to, nor have we been able to discover, any decisions of other courts of California which pass on the subject.

The attorney general reviewed the subject in 1942 and came to the conclusion under the law as it then read that a "carry-all" is a vehicle, should be classified as a trailer or semitrailer, according to type, and is required to be registered when operated on a public highway.

There have been some slight changes in the law since the attorney general's ruling, but in our opinion they have strengthened, rather than weakened, the opinion which he then gave.

From an examination of all the evidence in this case and of the statutes above noted in other parts of the Vehicle Code, it is our opinion that this "scraper or carry-all" is a vehicle within the meaning of the Vehicle Code of sections 31, 32 and 140; that it is not designed *exclusively* for agricultural purposes; is not an "implement of husbandry" within the meaning of sections 45 and 142(c) of the Vehicle Code; and is, therefore, not exempted from registration by section 142(c) of the Vehicle Code; that for an owner to knowingly permit such an unregistered vehicle to be driven or moved upon any highway of the State of California is a misdemeanor under section 140 of the Vehicle Code; that the complaint specifically states a criminal offense under Vehicle Code section 140; that the court did not err in permitting cross-examination on the subject of the purposes for which the equipment could be used; that the evidence is amply sufficient to support the judgment of conviction as a matter of law.

The judgment is affirmed.

Conley, J., and De Wolf, J., concurred.