[Civ. No. 15802.   First Dist., Div. One.   Apr. 26, 1954.]

WESTERN TITLE INSURANCE AND GUARANTY COMPANY (a Corporation), Appellant, v. DELINDO BARTOLACELLI et al., Respondents.

Royal E. Handlos for Appellant.

Hyman & Hyman for Respondents.

PETERS, P. J.—This is an appeal from a judgment based on the sustaining of demurrers without leave to amend to plaintiff's second amended complaint.

Plaintiff, Western Title Insurance and Guaranty Company, filed its original complaint in this action naming Delindo Bartolacelli as the sole defendant. That complaint stated but two causes of action. The first alleged that Bartolacelli, on December 1, 1951, executed a check payable to plaintiff in the sum of $8,500; that the check was presented, and that payment was refused. The second cause of action was a common count for the amount of the check. Bartolacelli answered this complaint, admitting the drawing of the check, its presentment and dishonor, but denied that he was indebted to the title company, and alleged that there had been no consideration for the check. By leave of court plaintiff was permitted to file an amendment to the complaint, which will be referred to hereafter as the first amended complaint. By this amendment plaintiff brought into the action, as additional defendants, the wife of Delindo Bartolacelli, and also Peter T. Fisher, and William E. Doud doing business as William E. Doud & Co., and added two new causes of

action, that is, a third and fourth, to the two already pleaded. The third cause of action purported to allege some of the underlying facts of the transaction. It alleged that the check was executed pursuant to an agreement between defendant Fisher and defendant Bartolacelli to sell to Bartolacelli a certain piece of real property; that plaintiff was designated as escrow agent in that transaction; that payment of the check has been refused; and that defendants, other than the Bartolacellis, had made demand on plaintiff for the $8,500. The fourth cause of action was for declaratory relief. To this first amended complaint Delindo Bartolacelli demurred, generally and specially. This demurrer was sustained with leave to amend. Thereafter, the plaintiff filed an amended complaint, hereafter referred to as the second amended complaint, naming as defendants the same persons named in the first amended complaint, and containing three causes of action. Attached to this pleading as an exhibit is a copy of the deposit agreement signed by the parties. To this complaint the two Bartolacellis demurred, generally and specially. These demurrers were sustained without leave to amend, and judgment entered in favor of the Bartolacellis. Plaintiff appeals.

The first cause of action in the second amended complaint alleges the facts in reference to the real estate transaction between Fisher and Bartolacelli at some length. It alleges that Doud is a real estate agent and that on November 27, 1951, the two Bartolacellis entered into the deposit agreement attached to the complaint as an exhibit. That agreement is on a form of appellant and is entitled "Uniform Agreement of Sale and Deposit Receipt." The agreement shows signatures of the Doud firm as agent for the seller, of the two Bartolacellis as purchasers, and of Fisher, as seller. A second page entitled "Conditions of Sale Continued" is signed only by the Bartolacellis. The agreement acknowledges receipt from the Bartolacellis of $1,000 as a deposit on the purchase price of $95,000 of the real property owned by Fisher, subject to certain enumerated conditions, some of which appear on the first page of the agreement and the balance on the second page. Twenty days are given to the purchasers to examine title and to report to Doud any objections. If none is so reported the balance of the purchase price is to be paid to Doud or to "a title insurance company" for the account of the seller. After providing for certain matters not here relevant it is provided that "Deposit to be increased to

$9,500.00 upon approval" by the seller. Such approval by Fisher appears on the face of the agreement.

After alleging the execution of this deposit agreement, it is then alleged, upon information and belief, that Doud, as agent for the seller, at the special instance and request of the Bartolacellis, secured telegraphic approval of the contract and thereafter Fisher executed it; that upon acceptance by Fisher respondent Delindo Bartolacelli delivered to Doud "as agent for the seller" a check for $8,500, payable to appellant "as trustee for Peter T. Fisher"; which check, dated December 1, 1951, is pleaded *in haec verba*; that as agent for the seller Doud deposited the check with appellant "to hold the same and the funds due thereunder, for the account of Peter T. Fisher"; that appellant "as such trustee" presented the check to the bank, but payment was refused; that demand has been made on Bartolacelli for payment but he has refused to pay. It is further alleged that Doud and Fisher have made demand upon appellant for the $8,500. There is no reference in this pleading to any escrow, nor any allegation that appellant was acting as an escrow holder, or even that an escrow had been opened. Appellant's capacity is alleged to be "trustee" for Fisher.

The second cause of action incorporates the allegations of the first, and then prays for declaratory relief. The third cause of action makes no reference at all to the underlying transaction, but alleged that appellant is the holder-payee of the check, and then alleges its due execution, presentment and dishonor.

There can be no doubt at all, and respondents concede, that the third count, considered alone, pleads a cause of action not subject to demurrer. ██ ██ Under the law applicable to negotiable instruments it is well settled that the holder of such an instrument may sue thereon in his own name even though he is not the beneficial owner, and that payment to such holder will discharge the instrument. (*Reinert* v. *Proud*, 8 Cal.App.2d 169 [47 P.2d 491]; see cases collected 10 C.J.S. p. 1164, § 533.)

As already pointed out, respondents concede that the third cause of action properly pleads a cause of action not subject to demurrer. They point out that they recognized this rule when plaintiff originally sued on the dishonored check. Respondents did not then demur, but answered. But it is their theory that the underlying transaction is fully pleaded in the first cause of action, that those allegations disclose that ap-

pellant has no capacity to sue in that it has no interest in the check or in its proceeds, and that the first count is therefore subject to a general demurrer. They argue that it is the law that, where the plaintiff alleges in one count all of the underlying facts, and that count is subject to a demurrer, the other counts of the complaint based on the same facts, even though such count or counts standing alone would be immune from attack, are likewise subject to demurrer. It will be noted that these arguments are predicated on two fundamental premises: First, that the first count here pleaded is subject to a general demurrer, and second, that since the third count is based upon the check referred to in the first, it too is subject to demurrer. Both premises are unsound.

In support of the second premise respondents cite *Rose* v. *Ames,* 53 Cal.App.2d 583 [128 P.2d 65]; *Neal* v. *Bank of America,* 93 Cal.App.2d 678 [209 P.2d 825]; *Orloff* v. *Metropolitan Trust Co.,* 17 Cal.2d 484 [110 P.2d 396]; *Hays* v. *Temple,* 23 Cal.App.2d 690 [73 P.2d 1248], and *Cunha* v. *Anglo Calif. Nat. Bank,* 34 Cal.App.2d 383 [93 P.2d 572]. These cases do not support the broad legal proposition urged by respondents. All but the last of these cases* involve complaints where in one count all of the facts are alleged, and then a common count is pleaded. ▆ In that event if the fact count is demurrable, so is the cause of action predicated upon the common count. But that rule is limited to pleadings involving a common count. The general well settled rule is that if any count of a multicount complaint states a cause of action, it is error to sustain a demurrer to the complaint as a whole. Each count stands or falls upon its own allegations. (*Lord* v. *Garland,* 27 Cal.2d 840 [168 P.2d 5]; *Shook* v. *Pearson,* 99 Cal.App.2d 348 [221 P.2d 757].) The rule based on the common count exception is predicated on the anomalous nature of the common count in our system of pleading. ▆ The common count states simply a conclusion of law and discloses none of the facts upon which it is predicated. But here the third cause of action discloses that it is predicated on a dishonored check of which the appellant is the payee-holder. ▆ Under our system of pleading the plaintiff is permitted to set forth several causes of action and to include in the complaint even inconsistent counts. The exception involving a common count cannot be extended to cases where any one count pleads facts alleging a good

---

*The Cunha case does not seem relevant to the point under discussion.

cause of action. That is this case. The third count alleges a good prima facie case against Bartolacelli. Fisher and Doud did not demur, and the judgment appealed from does not run in their favor.

The first premise, that is, that the first count does not state a cause of action, is also unsound. Respondent argues that no valid contract between Fisher and Bartolacelli is alleged, because the telegraphic acceptance alleged did not constitute a valid acceptance, and because the deposit agreement was not signed by Fisher or Doud on the second page. It is also argued that appellant held the check as an escrow holder, and title to it remained in respondents until the completion of the deal. Whether the deposit agreement did or did not create a valid contract cannot be determined as a matter of law from the face of the complaint. The telegraphic acceptance of Fisher is alleged to have been secured by Doud at the request of respondents. Respondents may want to plead and prove that such was not a valid acceptance, but that is a matter of defense that cannot be determined solely from the face of the complaint. The fact that Fisher did not sign the second sheet of the agreement but did sign the first does not, as a matter of law, render the agreement invalid. The first sheet, a form contract, did not contain sufficient space for all the desired conditions to be enumerated. Several conditions were listed on the first sheet, and then appears the word ''over,'' obviously referring to the second sheet. That second sheet starts off ''Conditions of Sale Continued,'' and then lists the balance of the conditions. ▮ Whether Fisher's signature on the first sheet bound him by the conditions listed on the second is obviously a fact question and is not a question of law. ▮ A signature does not have to appear at the end of an agreement to be valid.

▮ But the basic fallacy of respondents is their argument that the first cause of action shows, as a matter of law, that appellant does not have the capacity to sue because it is a mere stakeholder in an uncompleted escrow. That may be and probably is the fact. But there is not one word in the first count that refers to an escrow. To the contrary it is alleged that the check was delivered to Doud as ''agent'' for Fisher, and made payable and delivered to appellant as ''trustee'' for Fisher. There is no further reference to the nature of this trust. For this reason the allegations in reference to the trust are probably defective and certainly subject to a special demurrer, and probably to a general demurrer.

But if the trust allegations be deleted from the complaint, then there appears in the first count allegations that appellant is the holder-payee of a dishonored check. All of the allegations necessary to state a prima facie case on a dishonored check there appear. The first count states a good cause of action on a dishonored check for the same reasons as does the third.

The sustaining of the demurrer without leave to amend was clearly error. The law of negotiable instruments is that the holder-payee of a dishonored check may sue upon it although not beneficially interested in the recovery. Such a cause of action has been here pleaded in both the first and third counts. Respondents may have a defense, but, if they have, such defense must be pleaded and proved. Respondents cannot prevail on the theory that the appellant does not have the capacity to sue. We do not decide that the complaint is not subject to the special demurrers. The trial court may pass upon those contentions and require or permit amendments if it so desires. But it was error to sustain the demurrers without leave to amend.

▮ Appellant also appeals from the order dissolving an attachment secured by it. The trial court first denied such a motion. No appeal was taken from this order of denial, but subsequently respondent Bartolacelli filed a second motion. Consistently with sustaining the demurrer this second motion was granted. With the reversal of the judgment based upon the sustaining of the demurrer the order also must be reversed. The complaint states a cause of action, and it is a cause of action "upon a contract . . . for the direct payment of money," payable in this state and unsecured. (Code Civ. Proc., § 537.) ▮ The merits of the controversy cannot be considered on such a motion. (*Asamen* v. *Thompson,* 55 Cal.App.2d 657, 661 [131 P.2d 839].) Therefore, an attachment will lie.

The judgment and order appealed from are reversed.

Bray, J., and Wood (Fred B.), J., concurred.

A petition for a rehearing was denied May 28, 1954, and respondents' petition for a hearing by the Supreme Court was denied June 23, 1954. Schauer, J., was of the opinion that the petition should be granted.