[Civ. No. 21396. Second Dist., Div. One. Mar. 5, 1956.]

HAROLD R. BEHLING, Appellant, v. COUNTY OF LOS
ANGELES, Respondent.

Caidin, Bloomgarden & Kalman for Appellant.

Harold W. Kennedy, County Counsel, and Lloyd S. Davis,
Deputy County Counsel, for Respondent.

FOURT, J.—This is an appeal by the plaintiff from a judg-
ment of dismissal in an action for damages for personal
injuries arising out of negligence, after a demurrer of the
defendant to the first amended complaint as amended was
sustained without leave to amend.

The plaintiff alleged in his complaint that in an area under
construction in the Angeles Forest Reserve, about three miles

off the Angeles Crest Highway, defendant Marlett negligently operated an Allis-Chalmers tractor, crawler type with bulldozer, which will hereafter be referred to as the first piece of equipment. He further sets forth that there was a similar piece of equipment which was inoperative with its blade on the ground, which will hereafter be referred to as the second piece of equipment; that Marlett moved the first piece of equipment to a position where the two dozer blades were butted together and the blade on the second, or inoperative, piece of equipment could be elevated by the blade of the first piece of equipment, so that the second piece of equipment could be towed away; that Marlett so negligently operated the first piece of equipment that the ''blade brake'' slipped and thereby caused the blade on the second, or inoperative, piece of equipment to fall on the hand of the plaintiff, who was attempting to secure a chain around the blade of the second piece of equipment; that the equipment was on a dirt, ungraded roadway under construction; that the roadway was blocked off from traffic by means of a chain and lock across the entrance thereto, some three miles from where the accident occurred; that at the time and place of the accident Marlett was the agent and servant of the county of Los Angeles, acting in the course of his employment, but not actually engaged in work upon the surface of a highway.

The questions presented on the appeal are: (1) Whether the first amended complaint, as amended, states a cause of action, that is, whether the negligent operation of the blade brake of a bulldozer being used as a lifting device constitutes ''the negligent operation of any said motor vehicle,'' as the phrase is used in section 400[1] of the Vehicle Code, and (2) whether

---

[1]''Sec. 400. Liability of Governmental Agencies.

''[*Responsibility for negligent operation of motor vehicle by officer, agent or employee*: *Right to sue State, etc.*: *Subrogation to rights of injured person and recovery from officer, agent or employee.*] The State, and *every county*, city and county, municipal corporation, the State Compensation Insurance Fund, irrigation district, school district, district established by law and political subdivision of the ·State *owning any motor vehicle is responsible to every person who sustains any damage by reason of* death, or *injury to person* or property *as the result of the negligent operation of any said motor vehicle by an officer, agent, or employee* or as the result of the negligent operation of any other motor vehicle by any officer, agent or employee when acting within the scope of his office, agency or employment; and such person may sue the State, county, city and county, municipal corporation, the State Compensation Insurance Fund, irrigation district, school district, district established by law and political subdivision of the State, as the case may be, in any court of competent jurisdiction in this State in the manner directed by law. . . .''

the lifting of the blade of an inoperative bulldozer on a highway under construction, closed to public use, constitutes "work upon the surface of a highway," as that phrase is used in subdivision (b) of section 453[2] of the Vehicle Code.

Sections 31, 32, 32.5, 39.5, 142 and 168 of the Vehicle Code read, so far as pertinent here, as follows:

"Sec. 31. Vehicle. A 'vehicle' is a device in, upon or by which any person or property is or may be propelled, moved or drawn upon a highway, excepting a device moved by human power or used exclusively upon stationary rails or tracts."

"Sec. 32. Motor Vehicle. A 'motor vehicle' is a vehicle which is self-propelled."

"Sec. 32.5. Truck tractor, Farm tractor, and Road tractor.

"(a) A *truck tractor* is a motor vehicle designed and used primarily for drawing other vehicles and not so constructed as to carry a load other than a part of the weight of the vehicle and load so drawn.

"(b) A *farm tractor* is a motor vehicle designed and used primarily as a farm implement for drawing plows, mowing machines and other implements of husbandry.

"(c) A *road tractor* is a motor vehicle designed and used for drawing other vehicles and not so constructed as to carry any load thereon either independently or any part of the weight of a vehicle or load so drawn."

"Sec. 39.5. Special Highway Construction Equipment. 'Special highway construction equipment' *means a vehicle* which is designed and used primarily for grading of highways, paving of highways, earth moving and other construction work on highways and which is not designed or used primarily for the transportation of persons or property and which is only

---

[2]"Sec. 453. Public Officers and Employees to Obey Code.

"(a) The provisions of this code applicable to the drivers of vehicles upon the highways shall apply to the drivers of all vehicles while engaged in the course of employment by this State or any political subdivision thereof or any municipal corporation or district therein including authorized emergency vehicles subject to those exemptions granted such authorized emergency vehicles in this code.

"(b) The provisions of this code shall not apply to public employees and publicly owned teams, motor vehicles and other equipment while actually engaged in work upon the surface of a highway, or work of installation, removal, repairing or maintaining traffic signs, signals or other traffic control devices, but shall apply to such persons and vehicles when traveling to or from such work.

"(c) The provisions of this division of the code shall not apply to the duly authorized representatives of any public agency while actually engaged in performing any of the work described in subdivision (b) hereof but shall apply to such persons when traveling to and from such work."

incidentally operated or moved over the highway. It includes road construction and maintenance machinery such as portable air compressors, air drills, asphalt spreaders, bituminous mixers, bucket loaders, *caterpillar tractors*, ditchers, leveling graders, finishing machines, motor graders, paving mixers, road rollers, scarifiers, earth moving scrapers and carryalls, lighting plants, welders, pumps, power shovels and drag lines, self-propelled earth moving equipment and machinery and other similar types of construction equipment. This enumeration shall not operate to exclude other vehicles which are within the purview of the term 'special highway construction equipment' as above defined. 'Special highway construction equipment' does not include any of the following:

"(a) A vehicle originally designed for the transportation of persons or property to which machinery has been attached;

"(b) Dump trucks and truck mounted transit mixers, cranes and shovels." (Emphasis added.)

"Sec. 142. Exemption From Registration. The registration provisions of this chapter shall not apply to any of the following vehicles:

. . . . . . . . . .

"(f) Special highway construction equipment."

"Sec. 168. Special highway construction equipment shall not be subject to registration but prior to any movement on the highway, each piece of such equipment shall display an equipment identification plate attached thereto."

Webster's New International Dictionary, 2d ed., defines "vehicle" as:

"vehicle . . . fr. *vehere* to carry . . . 1. That in or on which a person or thing is or may be carried from one place to another, esp. along the ground, also through the air; any moving support or container fitted or used for the conveyance of bulky objects; a means of conveyance."

Words and phrases are construed according to the context and the approved usage of the language (Civ. Code, § 13; Code Civ. Proc., § 16). ▮▮ The words of a statute are to be interpreted according to their common acceptance, that is, they will be read and understood in their usual, natural, ordinary and popular sense (23 Cal.Jur. 749).

By adding a blade to the crawler or caterpillar type tractor it is made into what is generally known as a bulldozer and when so arranged it can be used for excavating or grading purposes, and not particularly to carry persons or property,

however it can, and frequently is used to draw or push other vehicles. It is designed to draw or pull or push other vehicles, and at the same time is not so constructed as to carry any part of the weight of the vehicle or load so drawn. It obviously is self-propelled.

Tested by the definitions heretofore set forth, it is apparent that a bulldozer is a motor vehicle within the commonly understood meaning thereof.

The Legislature, at times subsequent to the adoption of sections 31 and 32 of the Vehicle Code, adopted sections 142, subdivision (f), and 168 of that code, wherein they set forth, respectively, that the registration provisions of chapter 1, division III should not apply to special highway construction equipment and that such equipment should, although not subject to registration, have displayed thereon an equipment identification plate prior to any movement on the highway. Had the Legislature been so minded to exempt such equipment from the provisions of the code, wherein the operation of such equipment might bring about liability to a political subdivision, such as a county, it could have done so easily. It did not do so.

Going to the next point, the plaintiff in this action, in paragraph V of his amended first amended complaint, alleged that the accident occurred on the Angeles Crest Highway; however, pursuant to a sitpulation, he filed an amendment to that paragraph wherein he sets forth that the accident occurred in an area under construction in the Angeles Forest Reserve about three miles off the Angeles Crest Highway. He further sets forth, in substance in the amendment, that the place where the tractors were located at the time of the accident consisted of a dirt roadway, ungraded and unpaved; that the area was not open to the public for vehicular travel, but to the contrary, the public vehicular travel was blocked off by means of a chain and lock stretched across the entrance to the area, and he further alleges that at the time he received the injuries he was not actually engaged in work upon the surface of a highway. For the purposes of the present proceedings, we must assume that the allegations in the amended first amended complaint are true and correct.

Section 81 of the Vehicle Code defines a street or highway as a way or place of whatever nature, publicly maintained *and open to the use of the public for purposes of vehicular travel.* The phrase ''open to the use of the public for purposes of vehicular travel'' was added to the statutory definition of

streets or highways in 1935. The legislative history of the section in question seems to be that in 1905, by Statutes 1905, chapter 612, page 816, the Legislature defined a public highway as follows:

" 'public highways' shall include any highway, county road, state road, public street, avenue, alley, park, parkway, driveway or public place in any county, or incorporated city and county, city or town; . . ."

In 1913, the definition was amended by adding "state highway" thereto. (Stats. 1913, ch. 326, p. 639.) In 1915, the section dealing with the definition of public highway was amended by adding thereto "within the State of California." (Stats. 1915, ch. 188, p. 398.) In 1917, the definition was further amended by adding such territory or structures as "square or place, bridge, viaduct, trestle, or any other territory or structure, whether public or private, designed, intended or used by or for the general public for the passage of vehicles." (Stats. 1917, ch. 218, p. 383.) In 1919, the statute was further amended to include "driveways, upon the grounds of universities, colleges, schools, and other institutions whether public or private." (Stats. 1919, ch. 147, p. 193.) In 1923, a practically new section was cast (Stats. 1923, ch. 266, p. 519), and read as follows:

"Sec. 21. 'Public highway.' Every highway, road, street, alley, lane, court, place, trail, drive, bridge, viaduct or trestle laid out or erected as such by the public or dedicated or abandoned to the public, or intended or used by or for the general public, except such portions thereof as are used or prepared for use by pedestrians as sidewalks. The term 'public highway' shall apply to and include driveways upon the grounds of universities, colleges, schools and institutions. The term 'public highway' shall not be deemed to include private driveways, roads or places used by the owner, his guests and those having business with the owner and not intended to be otherwise used, or otherwise used by the general public."

In 1931, an amendment was adopted setting forth in substance that the term highway or public highway should apply to and include driveways and paths upon the grounds of universities, colleges and institutions "when and during such time or times as such driveways and paths are open to public traffic by permission of the governing board or officer charged with the control and direction of any such university, college or institution." (Stats. 1931, ch. 1026, p. 2102.)

In 1935, the Legislature adopted a Vehicle Code (Stats. 1935, ch. 27, pp. 93-98) and at that time set forth the definition of a street or highway as follows (p. 98):

" 'Street' or 'Highway.' 'Street' or 'highway' is a way or place of whatever nature open to the use of the public as a matter of right for purposes of vehicular travel."

In 1937, the definition was amended to its present form by adding the words "publicly maintained and" and striking from the 1935 definition the words "as a matter of right." (Stats. 1937, ch. 282, p. 617.) There have apparently been no amendments or changes in the section since 1937.

It is apparent that the Legislature had in mind a limitation or restriction in the definition of what constitutes a highway, otherwise the phrase as added in 1935 and altered in 1937 would not have been used. If the language means what it says, then, surely, an area blocked off by means of a chain and lock and not open to the public for vehicular travel is not a highway within the definition in the Vehicle Code. In considering the definitions of the words "highway" as used, we must bear in mind that when used in the Vehicle Code they are used for the special purpose of that act, and that sections of other codes and the decisions under them relating to the use of the same or similar words can have little bearing on the solution to this problem. (*Sills* v. *Forbes*, 33 Cal.App.2d 219, 223 [91 P.2d 246].)

It follows, therefore, from what has been stated, that the judgment of dismissal should be reversed and defendant permitted to answer, or otherwise appear as may be proper.

The judgment is reversed and the cause remanded with directions to the court below to overrule defendant's demurrer and allow said defendant a reasonable time within which to answer, if so advised.

White, P. J., and Doran, J., concurred.