[Civ. No. 22196. Second Dist., Div. One. Feb. 10, 1958.]

JOHN EARL HASKINS, Respondent, v. JOHN W. CRUMLEY et al., Appellants.

Walter W. Faner for Appellants.

Howard W. Hunter for Respondent.

DORAN, J.—Plaintiff Haskins is a licensed real estate broker, and also a real estate operator, buying and selling on his own account. The appellant John W. Crumley is a licensed building contractor and real estate developer. In late 1952 plaintiff agreed to conduct a selling campaign for defendant in respect to houses defendant was building for speculation.

An "open listing" authorization for one year was first signed; in March, 1954, a second "exclusive right to sell" was signed, and on June 23, 1954, at defendants' request, plaintiff relinquished this exclusive right. It is claimed that at the time of this cancellation, defendants were indebted to plaintiff in respect to various matters.

The present controversy is particularly concerned with two of the transactions between the parties. One of these relates to what is known as the "Wise transaction," in which plaintiff negotiated a sale for defendants to Wise, earning a commission of $462.50. By a written addenda to a letter plaintiff inadvertently acknowledged payment in full of all commissions covering a group of houses of which the Wise transaction was a part. A few days later, upon discovery of the error plaintiff by letter advised defendants of the error, and at the trial, after proper foundation, a carbon copy of this letter was admitted in evidence. It is appellants' contention that the Wise commission has been paid in full.

In reference to the "Cantlay lots transaction," it appears that on January 26, 1954, plaintiff had entered into an escrow agreement to purchase Lots 225 and 239 of Tract 8197, depositing $100 in escrow, the transaction being handled by Dorothy Cassier, plaintiff's saleswoman. Defects in title showed up, and about April 14, 1954, plaintiff was notified that merchantable title was available as to Lot 225, and that it would be some time before the other lot title was cleared up. During this escrow period, plaintiff had received a cash offer of $2,500 for Lot 225.

The trial court found that in April, 1954, plaintiff offered to sell to defendant Crumley all interest in the escrow for $875 for each lot; Crumley was thereupon substituted as purchaser of Lot 225, and the escrow refunded to plaintiff $50 of the original deposit, and retained the $50 balance on account of Lot 239 which still remained in escrow. About October 5, 1954, plaintiff discovered that the defendant had built a house upon the other lot, namely, Lot 239, and an investigation disclosed that this lot had been conveyed to defendant. The escrow company and defendant were notified immediately of the irregularity in handling the escrow, and appropriate demands made.

It further found that John W. Crumley had severed all business relationship with plaintiff on June 23, 1954, and that Crumley obtained title to said lots about July 12, 1954, unbeknown to plaintiff; that the value of Lot 239 was $3,000.

The court found that Crumley was indebted to plaintiff in the amount of $875 for each lot in accordance with the original understanding. It is appellants' position that "The Cantlay properties were merchandised by plaintiff as trustee for John W. Crumley . . . and plaintiff cannot claim an interest adversely to his principal."

On February 3, 1955, plaintiff filed the present complaint in four counts; Count I seeking recovery of $3,871.93 for agreed commissions; Count II alleged that defendants "became indebted" in the same amount; Count III alleged an "open book account"; and Count IV was framed on the theory of an "account stated." There was a general denial of all liability.

At the opening of trial, plaintiff advised the court and the defendants that it would be necessary to file an amendment to cover what is known as the Cantlay lots transaction. Over defendants' objection, plaintiff was permitted to file an amended complaint alleging that plaintiff had sold to defendant all interest in certain lots which plaintiff was purchasing in escrow, and that the amount of $1,750 was owing thereon, which sum had been included in the total amount of $3,871.93 claimed in the original complaint. Plaintiff had judgment in the sum of $1,710 with interest.

It is appellants' contention that the findings and judgment are not supported by the record, and that the trial court should not have permitted the amendment to the complaint hereinbefore mentioned.

As said in *LeCyr* v. *Dow*, 30 Cal.App.2d 457, 463 [86 P.2d 900], and elsewhere, "the whole subject of amendment to pleadings is addressed to the sound discretion of the trial court." ▓ Courts should be and are liberal in this matter so that substantial justice may be done. ▓ Since the granting or denying of a proposed amendment is a discretionary matter, a reviewing court is not warranted in granting a reversal unless there has been a manifest abuse of discretion, even though the judge might have been justified in making a contrary ruling.

In the instant case there has been no showing of an abuse of the trial court's discretion, nor does it appear that appellants have suffered any prejudicial error in the allowance of the amendment. ▓ The amended complaint contains several counts, and it has long been established that causes of action arising out of one transaction may be separately stated in different ways, even though inconsistent with each other.

Further, it may be noted that the trial court offered to grant a continuance to meet the issues presented by the amendment but that the appellants elected to proceed with the trial.

The appellants' contentions as to the validity and effect of the escrow agreement concerning the Cantley lots and whether plaintiff should be regarded as agent or principal relate largely to disputed questions of fact which were presented for the trial court's decision. It appears that these matters were thoroughly canvassed and argued in respect to matters of both law and fact. A survey of the record discloses substantial evidence in support of the trial court's findings on all of these matters, and that these findings adequately dispose of all material issues. It is true that there is a conflict in the evidence in respect to various matters but this fact in no manner interferes with the well established rule that where substantial evidence exists in support of the findings and judgment, no appellate interference is called for. The conclusions of law are adequate and are supported by the findings and evidence. No reversible error has been pointed out.

The judgment is affirmed.

White, P. J., and Fourt, J., concurred.

A petition for a rehearing was denied March 3, 1958.