[L. A. No. 25414.   In Bank.   June 23, 1959.]

CLARENCE E. LAMBERT et al. Appellants, v. SOUTHERN COUNTIES GAS COMPANY OF CALIFORNIA (a Corporation), Respondent.

W. P. Butcher and Frank R. Crandall for Appellants.

Schramm, Raddue & Seed and Edw. W. Schramm for Respondent.

SPENCE, J.—Plaintiffs appeal from a judgment in favor of defendant Southern Counties Gas Company entered after said defendant's general demurrer to the first amended complaint had been sustained without leave to amend.

Plaintiffs sought damages for the loss of their ''Caterpillar

D8 tractor equipped with a Bulldozer 8S blade attachment and No. 29 Cable Control attachment; . . . hereinafter . . . referred to as plaintiffs' bulldozer.'' They had rented it to certain ranch owners and it was totally destroyed by fire after striking and puncturing a high-pressure gas pipeline less than 15 inches under the surface of the ranch property. The amended complaint is in two counts. Count one concerns only the alleged negligence of the ranch owners in the operation of the bulldozer over the pipeline when they should have known its location. Count two concerns only the alleged negligence of the gas company in permitting its pipeline to remain so near the surface of the ground.

The general demurrer of the gas company (the only defendant named in count two) was sustained on the ground that plaintiffs had affirmatively pleaded their own contributory negligence by alleging negligence on the part of the ranch overseer in count one, which negligence is imputed to plaintiffs, as owners of the bulldozer, under section 402 of the Vehicle Code. That section provides: ''Every owner of a motor vehicle is liable and responsible for the . . . injury to . . . property resulting from negligence in the operation of such motor vehicle . . . by any person using or operating the same, with the permission, express or implied, of such owner, and the negligence of such person shall be imputed to the owner for all purposes of civil damages.''

Plaintiffs contend: (1) That their bulldozer may not properly be classified as a motor vehicle so as to permit the imputation of negligence as provided by said section 402; but (2) even if section 402 does apply so as to permit such imputation, the allegations of negligence of the ranch overseer in count one are not available to defeat plaintiffs' separately stated cause of action against the gas company in count two. On the other hand, the gas company claims: (1) That plaintiffs' bulldozer constitutes a motor vehicle within the meaning of the Vehicle Code so as to justify the imputation of negligence under section 402; and (2) that such negligence as shown in count one amounts to an affirmative pleading of plaintiffs' own contributory negligence so as to defeat plaintiffs' claim against the gas company though separately stated in count two. The gas company cites the general rule that a complaint which shows on its face contributory negligence is demurrable. (*Routh* v. *Quinn*, 20 Cal.2d 488, 493 [127 P.2d 1, 149 A.L.R. 215] ; *Nicolosi* v. *Clark*, 169 Cal. 746, 747-748 [147 P. 971, L.R.A. 1915F 638] ; *La Com* v. *Pacific Gas & Electric*

*Co.*, 132 Cal.App.2d 114, 117 [281 P.2d 894, 48 A.L.R.2d 1455].) By stipulation, defendant ranch owners are not required to answer the amended complaint until this appeal from the judgment sustaining the gas company's demurrer has been decided.

In *Behling* v. *County of Los Angeles*, 139 Cal.App.2d 684 [294 P.2d 534], an "Allis-Chalmers tractor, crawler type with bulldozer," was held as a matter of law to be a "motor vehicle" within the meaning of sections 31 and 32 of the Vehicle Code. Likewise here, plaintiffs' bulldozer as designated in their amended complaint constitutes a "device" which "may be propelled, moved, or drawn upon a highway" (Veh. Code, § 31) and concededly is "self-propelled" (Veh. Code, § 32) so as to be a "motor vehicle" within the terms of the Vehicle Code. (*Yarrow* v. *State*,* (Cal.App.) 336 P.2d 1030.) Plaintiffs argue that their bulldozer was being used on private property rather than in the construction of a public roadway at the time of the accident. (*Cf. Behling* v. *County of Los Angeles, supra.*) But that fact does not affect the basic definition of a "motor vehicle" for purposes of application of the Vehicle Code. (*People* v. *Pakchoian*, 114 Cal. App.2d Supp. 831, 832-833 [250 P.2d 767].) Nor does it aid plaintiffs to assert certain claimed facts in their opening brief in an attempt to show that their bulldozer exceeds the limitations regarding weight, size, and construction of equipment that may "lawfully" be moved on the highway. (E.g., Veh. Code, §§ 694, subd. (a), 705, subd. (a).) For purposes of classification as a "motor vehicle" under the broad definition of the Vehicle Code, it is not required that the device be one that may *legally* be "self-propelled upon a highway." (Veh. Code, §§ 31, 32.) The Vehicle Code comprehends those vehicles which may require special safeguard or special permit in order to be legally operated on the highways (Veh. Code, §§ 710, 710.5) as well as those vehicles which comply with existing statutory limitations. Plaintiffs' bulldozer therefore appears to be a "motor vehicle" as a matter of law, and the provisions of the Vehicle Code pertaining to the negligent operation thereof apply.

Count one of the amended complaint alleges the negligence of the ranch overseer, the agent of plaintiffs' bailees, in the operation of plaintiffs' bulldozer, and such negligence is

*A rehearing was granted on April 17, 1959, and a hearing was granted by the Supreme Court on September 16, 1959.

imputable to plaintiffs as the "owner of a motor vehicle . . . for all purposes of civil damages." (Veh. Code, § 402.) Manifestly, the phrase "*all* purposes of civil damages" indicates application of the statute to "all cases where the rights and obligations of the owner are involved in civil actions for damages" (*Milgate* v. *Wraith*, 19 Cal.2d 297, 300 [121 P.2d 10]), regardless of whether the owners be plaintiffs as here or whether the owner be the defendant as in *Behling* v. *County of Los Angeles, supra.* The gas company argues that since for the purpose of ruling on its demurrer, the allegations of the first amended complaint must be accepted as true (*Carruth* v. *Fritch*, 36 Cal.2d 426, 429 [224 P.2d 702, 24 A.L.R.2d 1403]; *Speegle* v. *Board of Fire Underwriters*, 29 Cal.2d 34, 41 [172 P.2d 867]), and it has demurred to the entire amended complaint rather than only to count two, it may avail itself of anything appearing "upon the face" of the amended complaint (Code Civ. Proc., § 430) to support its demurrer. Accordingly, it seeks to "dip into" count one of the amended complaint and avail itself of the allegations of negligence therein as imputed to plaintiffs to defeat plaintiffs' cause of action as separately stated in count two.

But a plaintiff may plead inconsistent causes of action in separate counts of a single complaint. (*Steiner* v. *Rowley*, 35 Cal.2d 713, 719 [221 P.2d 9]; *Goldwater* v. *Oltman*, 210 Cal. 408, 423 [292 P. 624, 71 A.L.R. 871]; *Turner* v. *Turner*, 173 Cal. 782, 785-786 [161 P. 980]; *Tanforan* v. *Tanforan*, 173 Cal. 270, 273 [159 P. 709]; *Western Title Ins. etc. Co.* v. *Bartolacelli*, 124 Cal.App.2d 690, 694 [269 P.2d 165]; see also *Stockton, etc. Wks.* v. *Glens, etc. I. Co.*, 121 Cal. 167, 171 [53 P. 565]; *Haskins* v. *Crumley*, 157 Cal.App.2d 524, 526 [321 P.2d 19].) Each count or cause of action in a complaint must be complete in itself, and must either contain all the averments necessary to state a cause of action (*Hopkins* v. *County of Contra Costa*, 106 Cal. 566, 570 [39 P. 933]; *Reading* v. *Reading*, 96 Cal. 4, 6 [30 P. 803]; *Haskell* v. *Haskell*, 54 Cal. 262, 264-265) or expressly refer therefor to other counts. (*Treweek* v. *Howard*, 105 Cal. 434, 442 [39 P. 20]; *Green* v. *Clifford*, 94 Cal. 49, 52 [29 P. 331].) Similarly a count sufficient within itself may not ordinarily be defeated by importing, from another count, an allegation to which the sufficient count makes no reference. (*Lord* v. *Garland*, 27 Cal.2d 840, 850 [168 P.2d 5]; see also *Steiner* v. *Rowley, supra*, 35 Cal.2d 713, 719.)

There are exceptional instances where the allegations

of one count have been considered in connection with the allegations of another count in ruling on a demurrer. Thus a common count may be joined with a count wherein all of the facts are specially pleaded; and if the count containing the specific facts is demurrable, so is the common count which is obviously based on the same set of facts. (*Orloff* v. *Metropolitan Trust Co.*, 17 Cal.2d 484, 489 [110 P.2d 396]; *Neal* v. *Bank of America*, 93 Cal.App.2d 678, 681 [209 P.2d 825]; *Rose* v. *Ames*, 53 Cal.App.2d 583, 589 [128 P.2d 65]; *Hays* v. *Temple*, 23 Cal.App.2d 690, 695 [73 P.2d 1248].) This rule with respect to pleadings involving a common count apparently is based "on the anomalous nature of the common count in our system of pleading." (*Western Title Ins. etc. Co.* v. *Bartolacelli, supra,* 124 Cal.App.2d 690, 694.) Similarly in an extension of this rule, a count in a complaint premised on detailed factual allegations in another count must stand or fall with the other count. (*Ephraim* v. *Metropolitan Trust Co.*, 28 Cal.2d 824, 833 [172 P.2d 501]; *Ray* v. *Hanisch*, 147 Cal.App.2d 742, 751 [306 P.2d 30]; *Stafford* v. *Russell*, 117 Cal.App.2d 326, 327 [255 P.2d 814]; *Bos* v. *United States Rubber Co.*, 100 Cal.App.2d 565, 571 [224 P.2d 386].) But in each of the last cited cases, each count of the complaint rested basically on the same set of facts, and involved only a varying statement of the cause of action. against the same defendant or defendants.

Here the gas company alone is named defendant in count two, and only its alleged negligence is involved in count two. Count two does not concern the alleged negligence of the ranch owners, which rests on a different premise for the recovery of damages as stated in count one. In short, the two counts in their respective separate statements of alleged negligence—that of the ranch owners, on the one hand, and that of the gas company, on the other—indicate that plaintiffs are in doubt as to which defendants should be held liable for the damages sustained, and for that reason plaintiffs have elected to set forth their two causes of action in the one complaint. Plaintiffs may do this under the right of joinder of defendants afforded by our system of code pleading (Code Civ. Proc., §§ 379a, 379b, and 379c; *Kraft* v. *Smith*, 24 Cal.2d 124, 130 [148 P.2d 23]; *Sareussen* v. *Lowe*, 125 Cal.App.2d 288, 289-290 [270 P.2d 27].) It would defeat the principles underlying our liberal system of pleading to permit the gas company, the only defendant named in count

354

two, to import, from the separately stated count one, allegations against other defendants based on a different premise of liability. Rather, as plaintiffs' amended complaint is framed here, each count should be tested upon the basis of its own allegations. (*Lord* v. *Garland, supra,* 27 Cal.2d 840, 850.) So tested, we conclude that the allegations of count two are sufficient to state a cause of action against the gas company, and that its general demurrer should have been overruled.

The judgment is reversed, with directions to the trial court to overrule the general demurrer of defendant gas company to the amended complaint and to allow said defendant a reasonable time within which to answer.

Gibson, C. J., Shenk, J., Traynor, J., Schauer J., McComb, J., and Peters, J., concurred.