[Civ. No. 19691. First Dist., Div. Two. May 11, 1961.]

MARY ZABUNOFF, Appellant, v. ARNOLD WALKER, Respondent.

Joseph A. Brown for Appellant.

Bronson, Bronson & McKinnon for Respondent.

SHOEMAKER, J.—Plaintiff brought this action to recover for personal injuries allegedly sustained when the car in which she was riding collided with a car driven by the defendant Arnold Walker. Defendant's answer alleged that the negligence of driver Steve Zabunoff, plaintiff's husband, was the sole cause of the accident and was imputed to plaintiff, barring her from recovery. After a trial by jury, verdict and judgment were for defendant. Plaintiff appeals therefrom, alleging as her sole ground for reversal that the evidence was insufficient to support the verdict.

The accident occurred on April 3, 1958, at approximately 7 a. m., at the intersection of Cole and Frederick Streets in San Francisco. Frederick is a steep east-west street controlled

by a "yield" sign at its intersection with Cole. Plaintiff's car was traveling south on Cole. Defendant's car was going west down Frederick. The cars collided in the intersection, defendant's car striking the side of the car in which plaintiff was riding.

Defendant testified that he looked to the left as he entered the intersection but sneezed before he could look to the right, and therefore did not see plaintiff's car until it was too late to stop. Defendant also admitted that he had told the investigating officer shortly after the accident that he had been going 20-25 miles per hour down Frederick, but he testified at the trial that he had slowed to about 15 miles per hour as he approached the intersection. Plaintiff and her husband both testified that they were traveling at about 10 or 15 miles per hour on Cole. The husband also testified that he stopped the car when he came to the intersection at Frederick, looked both ways and saw nothing coming, and then proceeded into the intersection. He stated that he never saw the defendant's car until it struck him. Plaintiff owned the car in which she was riding.

Testimony by a witness, Leonard Thompson, was to the effect that the defendant's vehicle approached the intersection traveling at 5 or 10 miles per hour, that it stopped and then proceeded slowly into the intersection. He also testified that plaintiff's car appeared to be traveling at about 25 miles per hour and that it neither stopped nor slowed down as it entered the intersection.

Appellant contends that the evidence indisputably established that respondent was negligent and that appellant's husband was not, and urges that the only evidence which can be looked to and considered on this appeal is that presented by respondent (citing *Bedford* v. *Pacific Structural Welding Corp.* (1932), 121 Cal.App. 162 [8 P.2d 558]; *Wickman* v. *Lowenstein* (1934), 136 Cal.App. 279 [28 P.2d 681]; and *Nitta* v. *Haslam* (1934), 138 Cal.App. 736 [33 P.2d 678].) Appellant has clearly misconstrued the law on this point. ■ As was pointed out by the court in the Bedford case:

"It is a commonplace of appellate procedure that every intendment is to be indulged by the appellate court in favor of the trial court's findings, that only evidence most favorable to the successful litigant is to be considered, that where divergent inferences reasonably may be drawn from the evidence that inference is to be indulged which will support the trial

court's action, and that with all this in mind unless the court can say on appeal that the findings are wholly without substantial support in the evidence they cannot be disturbed.'' (P. 163.)

In the Wickman case, the court merely pointed out that it was not required to look beyond the evidence presented by respondent. The Nitta case again set forth the rule that only the evidence supporting the verdict and judgment need be considered on appeal. Clearly none of the cases cited stand for the proposition that the appellate court can consider only evidence presented by respondent. On the contrary, the court has a duty to consider all evidence favorable to the judgment, regardless of which party offered it at the trial.

It is apparent from our short recital of the testimony in this case that there was substantial conflict in the evidence, hence the sole question is whether or not the verdict and judgment of the trial court find substantial support in the evidence. We are convinced they do.

 It should first be noted that negligence on the part of appellant's husband is clearly imputable to her under the facts of this case, for the car was owned by her and she was a passenger. Under these facts, Vehicle Code, section 17150, which provides that the driver's negligence is imputed to the consenting owner, would clearly be applicable. The section has been held applicable as between husband and wife (*Dorsey* v. *Barba* (1952), 38 Cal.2d 350, 353-354 [240 P.2d 604]), and since it clearly applies to contributory negligence (*Lambert* v. *Southern Counties Gas Co.* (1959), 52 Cal.2d 347, 351-352 [340 P.2d 608]), any negligence on the part of appellant's husband can thus be viewed as a complete bar to her recovery.

 There was testimony, by both respondent and an impartial witness, on which the jurors could have based a finding that respondent was guilty of no negligence. Clearly, either version, if believed, would show compliance with the "yield" sign on Frederick and would also indicate that he was exercising due care. Respondent testified that he sneezed, and that this prevented him from seeing appellant's car. Since a sneeze is a reflex action which could not necessarily be anticipated by a reasonably prudent person, the jurors could have concluded that the sneeze was an intervening cause similar to a fainting spell and that no negligence on the part of respondent was thus established. (See *Ford* v. *Carew & English* (1948), 89 Cal.App.2d 199, 203 [200 P.2d 828].)

■ There was also evidence from which the jury could have based a finding of negligence on the part of appellant's husband. The testimony of the witness to the accident was to the effect that the appellant's car was traveling at about 25 miles per hour and that it neither stopped nor slowed down as it came into the intersection. Even though 25 was the legal rate of speed on Cole, the jurors could have concluded that the basic speed law would compel a slower rate of speed in view of the wet road conditions, and the fact that the intersection was blind. Even if the version of appellant and her husband were to be believed, and the jurors thus found their car to have been going 10 or 15 miles per hour, and that they came to a full stop, it could still reasonably be concluded that respondent's car was in plain view when appellant's husband stopped at the intersection and that he was thus guilty of negligence in failing to see it.

The evidence is clearly sufficient to support the judgment. Judgment affirmed.

Draper, Acting P. J., concurred.